1  JASON R. BARTLETT (CA SBN 214530)
   jbartlett@mkwllp.com
2  SHERMAN W. KAHN (CA SBN 168924)
   skahn@mkwllp.com
3  MARC J. PERNICK (CA SBN 160591)
   MPernick@mkwllp.com
4  MAURIEL KAPOUYTIAN WOODS, LLP
   1517 North Point Street #454
5  San Francisco, California  94123
   Telephone: 415.992.3420
6  Facsimile: 415.992.3421

Attorneys for Defendant
WILLIAM CHOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SWIPE & BITE, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CHOW, an individual; CHRISTOPER TRINH, an individual; and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No.<br><br>Santa Clara Superior Court<br>Case No. 1:15-CV-283823<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION** |

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
2    DISTRICT OF CALIFORNIA:
3           PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1338, 1441, 1446,
4    and 1454, Defendant William Chow ("Mr. Chow") hereby removes this case, and all claims and
5    causes of action therein, from the Superior Court of the State of California for the County of
6    Santa Clara to the United States District Court for the Northern District of California.  Mr. Chow
7    reserves all defenses and claims available to him, including but not limited to the right to contest
8    service of process.  In support of this Notice of Removal, Mr. Chow sets forth the following
9    grounds for removal:
10          1.      On or about July 31, 2015, Plaintiff Swipe & Bite, Inc. commenced a civil action
11   in the Superior Court of California for the County of Santa Clara, captioned *Swipe & Bite, Inc. v.*
12   *William Chow, et al.*, Case No. 1:15-CV-283823 ("the Current State Court Action").
13          2.      The Current State Court Action represents Swipe & Bite's second lawsuit against
14   Mr. Chow in the past two months.  On or about July 8, 2015, Swipe & Bite filed *Swipe & Bite,*
15   *Inc. v. William Chow, et al.*, Case No. 1:15-CV-282804 ("the Previous State Court Action") in the
16   Superior Court for the County of Santa Clara.  Because the Previous State Court Action stated
17   claims that clearly arose under federal copyright law, Mr. Chow removed that case to this Court
18   on July 30, 2015.  Swipe & Bite voluntarily dismissed its lawsuit the next day and then
19   immediately – *i.e.*, later that day – filed the Current State Court Action.  Swipe & Bite knew that
20   the Previous State Court Action gave rise to federal subject matter jurisdiction.  Despite Swipe &
21   Bite's studied attempt to plead around federal law, so does the Current State Court Action.
22          3.      Swipe & Bite's counsel sent a copy of the initial complaint in the Current State
23   Court Action to counsel for Mr. Chow on August 3, 2015.  A true and correct copy of this
24   pleading is attached hereto as Notice of Removal Exhibit A.
25          4.      Swipe & Bite filed a First Amended Complaint in the Current State Court Action
26   on August 24, 2015.  A true and correct copy of this pleading ("the First Amended Complaint") is
27   attached hereto as Notice of Removal Exhibit B.
28

NOTICE OF REMOVAL OF STATE COURT ACTION                                                              1

5. Mr. Chow has not been served with any other pleadings, motions, or orders in the Current State Court Action.

6. Mr. Chow has not pled or answered in the Current State Court Action.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as Mr. Chow is removing this action within 30 days of receipt of Plaintiff's initial complaint in the Current State Court Action.

**JURISDICTION**

8. This action is within the original jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338. In particular, and as explained further below, the Current State Court Action includes causes of action and allegations that arise under the federal Copyright Act. *See* 17 U.S.C. §§ 101, *et seq*. Federal Courts have exclusive jurisdiction over any civil action arising under the Copyright Act.

9. This case is removable under 28 U.S.C. § 1441. Under Section 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See also* 28 U.S.C. § 1454.

**INTRADISTRICT ASSIGNMENT**

10. This case should be assigned to the San Jose Division. Swipe & Bite filed the Current State Court Action in the Superior Court of California for the County of Santa Clara, and Swipe & Bite alleges in Paragraph 11 of its First Amended Complaint that venue is proper in Santa Clara County.

**ADDITIONAL BASES FOR JURISDICTION**

11. Swipe & Bite's First Amended Complaint purports to state causes of action against Mr. Chow for Breach of Fiduciary Duty, Intentional Interference With Contract, Tortious Interference With Contract, Intentional Interference With Prospective Advantage, Tortious Interference With Prospective Advantage, Conspiracy, and Declaratory Relief.

12. Swipe & Bite's claims are based on its allegations that it retained Mr. Chow as, among other things, "a computer programmer." (First Amended Complaint, ¶ 20.) Swipe & Bite alleges that Mr. Chow "began work for Swipe & Bite" in June 2014 (*id.*, ¶ 21), that Mr. Chow's "primary development role on the technology and product was to help develop the company website and its [m]obile [a]pplications" (*id.*), and that Mr. Chow "help[ed] code [Swipe & Bite's] website." (*Id.*, ¶ 22.)

13. Swipe & Bite goes on to allege that Mr. Chow committed various torts when he and Defendant Christopher Trinh "removed code from the 'Swipeandbite' server and from [Swipe & Bite's] repository, which had all source code, comments, specifications, and all design and development work in progress on the website and mobile application." (*Id.* at ¶ 25.) Swipe & Bite claims that Mr. Chow and Mr. Trinh had a plan to "continue their own project using the code" that they had written (*id.* at ¶ 26; *see also id.* at ¶ 1), and that Mr. Chow and Mr. Trinh "refuse[d] to restore [Swipe & Bite's] access to all of its Company Property…." (*Id.* at ¶ 32; *see also id.* at ¶¶ 1, 25.)

14. Just as was true in the Previous State Court Action, a core element of Swipe & Bite's legal theory in this case is its contention that it owns the fruits of Mr. Chow's programming and technical work. For example, Plaintiff's Ninth Cause of Action for Declaratory Relief against Mr. Chow seeks "a declaration that Swipe & Bite is the owner of the Company Property including all rights to, title to, and interest in and to the [m]obile [a]pplication, including the underlying technology and mobile application product and website." (*Id.*, ¶ 90; *see also id.* at Prayer for Relief, ¶ 10.) This is the technology that, Plaintiff concedes, Mr. Chow authored and created. (*Id.*, ¶¶ 21-22.)

15. Swipe & Bite's other claims also hinge on its allegation that it – not Mr. Chow – owns the intellectual property rights to the technology that Mr. Chow created. (*See, e.g., id.*, ¶¶ 18 (alleging that rights to "Chow's work … transferred to Swipe & Bite"), 28 (alleging that "Defendants wrongfully cut off Company access to" Company Property, including "computer software, documentation, and intangible and tangible application-and website-related work in progress"), 37 (alleging that Mr. Chow failed to "restore or assist in restoring development efforts

and other operations, and to disclose fully and to account fully to Swipe & Bite for all of the Company Property"), 65 (alleging that Mr. Chow wrongfully "remov[ed] access to computer software libraries, open source files, computer source code, documentation or other ESI on remote servers"), 71 (same), 75 (same).

16. These claims require a determination as to who owns the copyrights to the intellectual property that Mr. Chow created and authored. Swipe & Bite's First Amended Complaint acknowledges that this issue is in dispute. Swipe & Bite alleges, for example, that there is a dispute regarding "the ownership of [the] Property [at issue], including the technology and mobile applications product and website" that Mr. Chow designed and developed. (*Id.*, ¶ 87.)

17. Resolving this ownership dispute that lies at the heart of Plaintiff's claims requires application of the "work-for-hire" doctrine of the Copyright Act. Specifically, while the First Amended Complaint alleges that Swipe & Bite owns the code and other materials created by Mr. Chow, Swipe & Bite does not allege that the parties had any written agreement by which Mr. Chow assigned or transferred his rights in the works he authored to Swipe & Bite. (*See, e.g.*, First Amended Complaint, ¶¶ 1, 18, 22.) A transfer of copyright ownership requires a written agreement. 17 U.S.C. § 204.

18. As a result, ownership rights to Mr. Chow's works of authorship would only vest in Swipe & Bite if it establishes that Mr. Chow's work was a "work-for-hire" under the Copyright Act. *See JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124-25 (9th Cir. 2010) (affirming District Court decision to retain jurisdiction over removed case; "Because ownership normally vests in the author of a work, JustMed would have ownership only under the Copyright Act's work-for-hire doctrine because there was no written agreement as to ownership."). This is a federal question that gives rise to exclusive federal subject matter jurisdiction. It is also a basis for removal. *Id.* ("application of the work-for-hire doctrine is central to this appeal. The instant case, therefore, arises under the federal law governing copyrights.").

19. As noted above, Swipe & Bite is trying to avoid Federal Court. Swipe & Bite immediately dismissed its Previous State Court Action after Mr. Chow removed it to this Court, and then re-filed the Current State Court Action later that day. In its First Amended Complaint,

Swipe & Bite now explicitly tries to plead a case that does not arise under the federal Copyright Act. Swipe & Bite alleges that the "transfer of ownership of any rights in the IP of the Company occurred under the operation of California law governing partnerships, promoters, agents, fiduciaries and cofounders, not as a question of employment, not work for hire (either as employee or independent contractor or supplementary work provisions) and not joint work." (First Amended Complaint, ¶ 12; *see also id*. at ¶¶ 3, 18, 22.)

20.  But Swipe & Bite cannot avoid acts of Congress by simply claiming, by fiat, that it owns Mr. Chow's copyrights by "operation of California law." The federal Copyright Act governs ownership rights in works of authorship, and it is not optional. Artful pleading like that attempted by Plaintiff here does not defeat federal subject matter jurisdiction. *See Chris-Leef Gen. Agency, Inc. v. Rising Star Ins., Inc.*, 2013 U.S. Dist. LEXIS 151378, **6-8, *13 (D. Kan. Oct. 21, 2013) ("Plaintiffs' argument that the Court can declare that they are the owners of QMS and Defendants obtained it through violation of state law without construction under the Copyright Act is unpersuasive;" "Plaintiffs cannot evade federal jurisdiction by stating their claims in the negative to avoid explicitly admitting that the Copyright Act bears on their claims."); *GH, L.L.C. v. Curtin*, 422 F. Supp. 2d 994, 996-98 (N.D. Ind. 2006) ("[Plaintiff's] request that [Defendant] be ordered to 'assign … the entire rights to all such Works that under copyright law are not considered works made for hire' requires construction of the Copyright Act and, therefore, gives this Court jurisdiction over the action"); *Barnhart v. Federated Dep't Stores, Inc.*, 2005 U.S. Dist. LEXIS 3631, *13 (S.D.N.Y. Mar. 5, 2005) ("The Complaint alleges that 'the Songs are not works for hire,' a conclusion that would require the interpretation of the term 'works-for-hire' and its corresponding provisions under the Copyright Act."); *DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497, 504-06 (S.D.N.Y. 2001) (plaintiff's attempt to "cloth[e] a federal claim in state garb" held ineffective; Plaintiff's "claim of authorship – in a situation in which there are conflicting stories about exactly who did what in creating these characters and comic strips – will require construction of the [Copyright] Act's work-for-hire provisions"). The federal work-for-hire doctrine governs this dispute, and Federal Courts have exclusive jurisdiction over that question. *JustMed*, 600 F.3d at 1124-25.

21.   To the extent that any of Swipe & Bite's causes of action do not arise under the Copyright Act, those causes of action arise out of the same set of acts and transactions as the claims that do arise under the Copyright Act.  They are thus within the supplemental jurisdiction of this Federal Court.

### CONCLUSION

22.   Mr. Chow will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Santa Clara, pursuant to 28 U.S.C. § 1446(d).

23.   The undersigned counsel certifies that the other named Defendant in this action who has been served, Mr. Trinh, consents to removal.  To Mr. Chow's knowledge, no other Defendants have been served.

24.   WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1338, 1441, and 1446, Mr. Chow removes this action in its entirety from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, San Jose Division.

Dated: September 1, 2015                MAURIEL KAPOUYTIAN WOODS LLP


                                        By:  /s/ Marc J. Pernick
                                             MARC J. PERNICK

                                             Attorneys for Defendant
                                             WILLIAM CHOW

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2015, I caused to be served a true and correct copy of the following:

**NOTICE OF REMOVAL OF STATE COURT ACTION**

on the following counsel by United States mail and by email:

    Jack Russo, Esq.　　　　　　　*Counsel for Plaintiff Swipe & Bite, Inc.*
    Christopher Sargent, Esq.
    ComputerLaw Group LLP
    401 Florence Street
    Palo Alto, CA 94301

Date: September 1, 2015

                                                    By: /s/Marc J. Pernick
                                                    Marc J. Pernick