# Notice of Removal
# Exhibit B

1   Jack Russo (Cal. Bar No. 96068)
    Christopher Sargent (Cal. Bar No. 246285)
2   COMPUTERLAW GROUP LLP
    401 Florence Street
3   Palo Alto, CA 94301
    (650) 327-9800
4   (650) 618-1863 fax
    jrusso@computerlaw.com
5   csargent@computerlaw.com

6   Attorneys for Plaintiff
    SWIPE & BITE, INC.

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SANTA CLARA

10

11  **Swipe & Bite, Inc.,** a California Corporation;      Case No. 1:15-cv-283823

12                    Plaintiff,                            **VERIFIED FIRST AMENDED COMPLAINT**
                                                           **FOR:**
13           v.

14  **William Chow,** an individual; **Christopher**        **(1)** BREACH OF FIDUCIARY DUTY;
    **Trinh,** an individual; **Shuk Chow,** an             **(2)** AIDING AND ABETTING BREACH OF
15  individual, **Alice Chow**, an individual, and ,            FIDUCIARY DUTY;
    **Does 1–25, inclusive,**                              **(3)** INTENTIONAL INTERFERENCE WITH
16                                                              CONTRACT;
                      Defendants.                          **(4)** TORTIOUS INTERFERENCE WITH
17                                                             CONTRACT;
                                                          **(5)** INTENTIONAL INTERFERENCE WITH
18                                                            PROSPECTIVE ADVANTAGE;
                                                          **(6)** TORTIOUS INTERFERENCE WITH
19                                                            PROSPECTIVE ADVANTAGE;
                                                          **(7)** CONSPIRACY;
20                                                         **(8)** VIOLATION OF COURT ORDERS
                                                          **(9)**  DECLARATORY RELIEF
21

22                                                              **[JURY TRIAL DEMANDED]**

23

24

25

26

27

28

Computerlaw Group LLP
www.computerlaw.com℠

1    Plaintiff Swipe and Bite, Inc., ("Swipe & Bite" or the "Company"), by and through its

2  undersigned counsel, alleges the following against Defendants and each of them and particularly

3  as its Verified First Amended Complaint as against Defendant William Chow ("Chow"),

4  Defendant Christopher Trinh ("Trinh"), Shuk Chow, Alice Chow, and each of the other Doe

5  Defendants, individually and collectively ("Defendants"), and jointly and severally as follows:

6                                    **NATURE OF ACTION**

7    1.    This is a state law business tort case which started on June 30, 2015, when Chief

8  Technical Officer and Company Attorney William Chow, with programmer Christopher Trinh's

9  help, unilaterally removed the data from the Company's servers and code repositories that

10  housed all work in progress by the Company on its soon-to-be-released mobile application and

11  website.  The oral agreements between and among Chow and Trinh and Swipe & Bite are

12  undisputed.  Under those undisputed oral agreements, Chow and Trinh each made a "sweat

13  equity" and partner transfer to the Company.  They violated those agreements and California law,

14  acting without authority or notice to Swipe & Bite or its founders and executive officers, Chris

15  and Gilda Hutchison, or anyone at the Company.  That same day, Chow (who is a registered and

16  active member of the California State Bar and who did legal work and represented himself to be

17  the Company's attorney) and Trinh, informed Brian Campisi Jr., a Swipe & Bite programmer,

18  that they intended to use the code on their own independent project, and attempted to convince

19  Campisi to join them—Campisi refused, but Defendants Chow and Trinh proceeded with their

20  plan nonetheless.  Despite repeated demands from the Company, Defendants Chow and Trinh

21  refused to return the Company's access to the code, instead went forward with their plan to profit

22  on their own.  As a result, the Company's entire efforts to continue work on the mobile

23  application was crippled, and the Company could not meet development and delivery deadlines

24  set either within the Company, or for customers and customer prospects of the Company.  The

25  Company has lost customers and customer prospects and is unlikely to recover that business and

26  those opportunities.  Further, in a breach of a written agreement, Defendants refuse to turn over

27  the saved image files which have been made for the purpose of evidence. **Exhibit 1** to this First

28  Amended Complaint is a true and correct copy of the written agreement (the "Evidence

Computerlaw Group LLP
www.computerlaw.com℠

Computerlaw Group LLP
www.computerlaw.com℠

1  Preservation Agreement") Defendants have breached by their refusal to turn over the saved

2  image files.

3      2.      Accordingly, this is an action for damages and other remedies arising out of the

4  Defendants' and each Defendant's willful and continuing intentional breaches of fiduciary duty,

5  aiding and abetting of those breaches of fiduciary duty, breaches of contract, violations of Court

6  Orders, and conspiracy and tortious interference with contracts, economic advantage, and

7  prospective economic advantage, contracts, and other corporate opportunities owned by Plaintiff

8  Swipe & Bite.

9      3.      This First Amended Complaint ( the "Complaint") does not raise nor does it seek

10  any adjudication under Federal Patent Law, Federal Copyright Law nor Federal Trademark Law

11  as no claim is made in this Complaint under any Federal Laws.

12                              **PARTIES**

13      4.      Plaintiff Swipe & Bite is a corporation duly organized and existing under the laws

14  of the State of California and fully qualified to do business in the State of California and having

15  its principal offices in Santa Clara County, California.  The majority of Swipe & Bite

16  shareholders as well as the majority of Swipe & Bite business operations is located in California;

17  accordingly, the California Corporations Code applies fully to Swipe & Bite as to matters

18  associated with its fiduciaries, employees, contractors, and corporate governance including but

19  not limited to its rights under the California Corporations and Civil Codes.

20      5.      Defendant William Chow is an individual residing or otherwise doing business

21  regularly in Santa Clara County, California.  Chow is a licensed active attorney, and an active

22  member of the State Bar of California, Bar No. 283815 since June 2012.  At the time, Defendant

23  Chow was the Chief Technical Officer and General Counsel for Swipe & Bite. He does not hold

24  a board position.

25      6.      Defendant Christopher Trinh is an individual residing or otherwise doing business

26  regularly in Santa Clara County, California. Defendant Trinh was a software engineer for Swipe

27  & Bite. He does not hold a board position.

28  //

7.       Defendant Shuk Chow is an individual residing or otherwise doing business regularly in Santa Clara County, California.  Shuk Chow knowingly aided and abetted Chow in the wrongdoing alleged, by, among other knowing assistance, providing Chow with office space, equipment, and capital to carry out the wrongdoing as alleged herein.

8.       Defendant Alice Chow is an individual residing or otherwise doing business regularly in Santa Clara County, California.  Alice Chow knowingly aided and abetted Chow in the wrongdoing alleged, by, among other knowing assistance, providing Chow with office space, equipment, and capital to carry out the wrongdoing as alleged herein.

9.       Plaintiff Swipe & Bite is ignorant of the true names and capacities of those Defendants sued as Does 1 through 25, and therefore sues said Defendants under such fictitious names.  Each such Doe defendant resides in or has a principal place of business is in California have aided, abetted and/or assisted Defendant Chow, Trinh, or other Defendants, or has otherwise legally become responsible for the wrongdoing set forth here.  Swipe & Bite will seek to amend this First Amended Complaint when the true names and capacities of said Doe Defendants have been ascertained.

10.       Plaintiff is informed and believes, and on that basis alleges, that each and every Defendant was the agent and/or employee of the other Defendants sued herein, and in doing the things herein alleged acted within the course and scope of such agency and/or employment and each bears liability, jointly and severally, singularly and collectively, accordingly as a result of the wrongful acts alleged herein.

## JURISDICTION AND VENUE

11.       This Court has jurisdiction over this action by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $1,000,000. Venue is properly laid in this county as governed by California Code of Civil Procedure § 395, because at least one Defendant resides in this Court's jurisdictional area, injury to Plaintiff occurred in this Court's jurisdictional area, one or more Defendants entered into a contract in this jurisdiction, the contract was to be performed in this jurisdiction, and the corporate or business association Defendants have their principal places of business in this jurisdiction.

Computerlaw Group LLP
www.computerlaw.com℠

12.     Further, California state law exclusively applies to this dispute, in which it is undisputed that Chow and Trinh each entered into agreements with the Company, under which each were sweat equity partners in, first, an association, then, in the corporation, and transfer of ownership of any rights in the IP of the Company occurred under the operation of California law governing partnerships, promoters, agents, fiduciaries and cofounders, not as a question of employment, not work for hire (either as employee or independent contractor or supplementary work provisions) and not joint work. No, allegation and claim of copyright infringement is made herein.

### FACTUAL BACKGROUND

13.     Plaintiff Swipe & Bite is a California corporation with its principal place of business in San Jose, California and with a growing web presence on the internet at www.swipeandbite.com.

14.     The founders of Plaintiff are Mr. Chris and Mrs. Gilda Hutchison and they founded Swipe & Bite in 2014 and incorporated the business in 2015 to develop and market a white-labeled mobile ordering and mobile payment application Swipe & Bite's innovative software-as-a-service ("SaaS") online and mobile application geared towards universities. The mission of Swipe & Bite is to improve the standard of living for busy college students by providing them with an application that allows them to order and pick-up food with efficiency.

15.     Swipe & Bite has and had (prior to Defendants' wrongful actions related here), and it seeks the Court's help in recovering, active business partners, and customers and customer prospects recruited by Mr. Hutchison based on his many contacts and his business reputation developed from his career working with universities and other vendors to implement mobile solutions for food ordering and payment to campuses and other customer bases.

16.     Virtually all of Swipe & Bite's business operations are located in California—all of the corporation's voting stock is held by California residents. The Corporation conducts a majority of its business in California. Thus, this case is governed by California law.

17.      In mid-2014, Mr. Hutchison created and began work on creating and developing his mobile ordering application idea, and startup of the Company.  After confirming in email

Computerlaw Group LLP
www.computerlaw.com[sm]

1   exchanges a commitment of confidentiality, Mr. Hutchison discussed his ideas with Defendant

2   William Chow, an attorney who had previously assisted Mr. Hutchison with various IP matters.

3   As a result of their discussions, Defendant Chow, as a licensed attorney in the State of California

4   ("Attorney Chow"), promised that he would abide by the California Rules of Professional

5   Conduct and the California Business & Professions Code in Chow's work for the Company as its

6   CTO (a title and role Chow himself insisted upon) and General Counsel.  At no time did Attorney

7   Chow ever say or suggest that he would not do so.

8   　　18.   Neither Chris Hutchison, nor Gilda Hutchison, are attorneys.  To save money and

9   because Attorney Chow said that he would handle post-incorporation legal matters, Swipe &

10   Bite was formed using LegalZoom.  No outside legal counsel was hired to form Swipe & Bite.

11   Chris and Gilda Hutchison relied on Attorney Chow to honor the "sweat equity" vesting

12   agreement reached, and that all of Attorney Chow's work as partner with a sweat equity

13   agreement was for the benefit of Swipe & Bite and transferred to Swipe & Bite by operation of

14   California state law governing the oral agreement, memorialized in contemporaneous email, and

15   governing partnerships, promoters, agents, fiduciary's and cofounders, not as a question of

16   employment, work for hire (either as employee or independent contractor or supplementary work

17   provisions) or joint work.

18   　　19.   Attorney Chow never complained about the "sweat equity" agreement that was

19   reached.  No disclosure whatsoever was ever made by Attorney Chow, directly or indirectly, they

20   he might well choose to compete with Plaintiff or that he would cripple Company operations and

21   work.  Attorney Chow represented to the Hutchisons and to others that he was General Counsel

22   for the Company and this was part of his "sweat equity" deal.  **Exhibit 2** to this First Amended

23   Complaint is a true and correct copy of an email from William Chow to Su (Susie) Szufan, dated

24   May 2, 2015, subject "Re: Visa-Ecomm Merchant Guide.pdf" in which Attorney Chow wrote,

25   "Hi Susan, As corporate counsel I will be handling any legal details going forward."  Chow

26   signed the email, "William Chow, Corporate Counsel."

27   　　20.   Because the Company was in startup mode and did not yet have funds for its own

28   offices, Attorney Chow met with Chris Hutchison and Gilda Hutchison, at their residence and at

Computerlaw Group LLP
www.computerlaw.com℠

Computerlaw Group LLP
www.computerlaw.com℠

local places of business, on at least ten occasions in calendar year 2014 and more than ten further more times in calendar year 2015. In the same timeframe, in 2014 Mr. Hutchison met with Mr. Chow approximately 40 times at coffee shops and restaurants and similar number of times in 2015. During those meetings, Attorney Chow told Mr. Hutchison and Mrs. Hutchison that he (Chow) was working full-time, as a competitor programmer elsewhere, his position allowed him to "moonlight" for Swipe & Bite, during evenings and on weekends, both as an California Licensed attorney and as a computer programmer. He acknowledged that he had no conflicts of interest in becoming an employee, an officer, and counsel for the Company.

21.     In June 2014, Attorney Chow began work for Swipe & Bite. Other than his roles as officer and counsel for the Company, his primary development role on the technology and product was to help develop the Company's website and its Mobile Applications.

22.     In October 2014, Mr. Hutchison, as Swipe & Bite CEO, and Attorney Chow discussed formalizing Attorney Chow's "sweat equity" agreement as Chief Technical Officer and General Counsel of Swipe & Bite. Attorney Chow insisted upon the title and position "CTO." Attorney Chow never provided any of the required written disclosures under California Rules of Professional Conduct including Rule 3-310, nor did he obtain any signed applicable waivers thereof. Attorney Chow and Swipe & Bite reached verbal agreement confirmed by a written email exchange on or around October 16, 2014, the terms of which were that Attorney Chow would serve as the Company's CTO and General Counsel and he would help code the website in exchange for up to 20% vesting ownership equity in the Corporation, with no reimbursement of rent, equipment, or cash. Additionally, Attorney Chow was given option rights, vesting over four years, in another 5 % of the shares of the Company, leading to a potential total stake in the Company for Attorney Chow of up to 25% based on "sweat equity" vesting over four years which is customary in Silicon Valley "sweat equity" deals. This "sweat equity" agreement was discussed many times through email and in person, and was memorialized in an email Mr. Hutchison sent to Attorney Chow on October 16, 2014, subject "Touching Base". A true and correct copy of that email is **Exhibit 3** to this First Amended Complaint, and the agreement and this business torts dispute is governed exclusively by California state law governing the oral

Computerlaw Group LLP
www.computerlaw.com℠

1   agreement, memorialized in contemporaneous email, and governing partnerships, promoters,

2   agents, fiduciary's and cofounders, not as a question of employment, work for hire (either as

3   employee or independent contractor or supplementary work provisions) or joint work.

4         23.      In 2015, Defendant Christopher Trinh joined the Company as a software engineer.

5   Introduced by Defendant Chow, Defendant Trinh was brought in to program the payment

6   gateways in order to use the Heartland payment system selected by Mr. Hutchison.  The terms of

7   the Company's partially oral and partially written agreement with Trinh were that Trinh would

8   earn an option for up to a 1% stake in the Company, vesting over four years, in exchange for his

9   "moonlighting" work for the Company—with deliverable commitments and vesting required for

10   up to a 1% stake earned though "sweat equity" over the planned four year period with a

11   minimum first 12 months required before any vesting.  The Company and Trinh agreed that

12   Trinh would be offered the opportunity for a larger role in the Company as it grew depending on

13   investments obtained from outside investors.  Trinh never disputed that any agreement with the

14   Company was or would be based on the "sweat equity" deal, and his agreement and this business

15   torts dispute is governed exclusively by California state law governing the partially oral and

16   partially written agreement, memorialized in contemporaneous email, and governing

17   partnerships, promoters, agents, fiduciary's and cofounders, not as a question of employment,

18   work for hire (either as employee or independent contractor or supplementary work provisions)

19   or joint work.

20         24.      Throughout early 2015, Swipe & Bite had established key business relationships

21   with key customers, such as the University of Hawaii and Eastern Michigan University. The

22   Company had agreements in place with (a) University of Hawaii, (b) L&L BBQ, the latter of

23   whom was interested in launching 50 stores and (c) Jersey Mikes for two immediate locations

24   with the option of twelve more in the next quarter; also, three major airports including Dallas-

25   Fort Worth wanted Swipe & Bite's product, and University of Montana expressed serious

26   interest, as did Texas Christian University and its four "sister" colleges.  Chow and Trinh were

27   both aware of the Company's agreements with University of Hawaii, L&L BBQ, and Jersey

28   Mikes (collectively the "Key Customers").  Defendant's Chow and Trinh were both aware of the

Computerlaw Group LLP
www.computerlaw.com℠

1  Company's prospects with the Key Customers. Defendant's Chow and Trinh also knew that the

2  Company was in the process of closing license agreements with some of these major customers

3  across the United States, and had upcoming product delivery dates in July and August 2015 for

4  these customers. Throughout the process, the Company had generated substantial goodwill with

5  its customers and with prospective customers, all of which Defendant's Chow and Trinh knew

6  Mr. Hutchison had built upon his personal reputation, and moreover depended upon the

7  Company's ability to meet the product delivery deadlines.

8       25.     Beginning in June of 2015, Defendants engaged in a wrongful plan to cripple the

9  Company, interfere with the Company's contracts and prospective economic advantages, and

10  steal the Company's corporate opportunities, in violation of their fiduciary and other duties and

11  obligations owed to Swipe & Bite under applicable law.  On June 30, 2015, Defendants

12  implemented their plan, and removed code from the "Swipeandbite" server and from its GitHub

13  repository, which had all source code, comments, specifications, and all design and development

14  work in progress on the website and mobile application.  Chow and Trinh refused to cooperate

15  with the Company when it demanded that they restore the Company's access, or assist the

16  Company in recovering and resuming work.

17       26.     From exchanges on June 30, 2015, with Brian Campisi Jr., another Swipe & Bite

18  engineer, Mr. Hutchison understood that Defendants Chow and Trinh had cut off Campisi and

19  Hutchison's access to the server and repository, and that Chow and Trinh planned to terminate

20  their relationships with Swipe & Bite and Mr. Hutchison in order to continue their own project

21  using the code.

22       27.     Chow and Trinh knew that Mr. Campisi was working for the Company on the

23  mobile application and website, knew that Mr. Campisi's work for the Company was ongoing,

24  and knew that Mr. Campisi (as well as the Company) had the deadlines and deliverable

25  obligations to customers and customer prospects that required Mr. Campisi and the Company to

26  have access to the code, website, and work on the server and repository.  Because Chow and

27  Trinh cut off Mr. Campisi's and the Company's access to the code, they prevented Mr. Campisi

28  from continuing his work or the Company, and the Company from continuing any work on

1   product development.

2       28.    Defendants wrongfully cut off Company access to confidential business

3   information, computer software, documentation, and intangible and tangible application- and

4   website-related work in progress including but not limited to the following:

5           a.    All computer software libraries, open source files, computer source code,

6                   documentation or other electronically stored information ("ESI") from the remote

7                   servers;

8           b.    All information pertaining to applications in progress, such as planned "white

9                   label" mobile application to be branded by the customers and customer prospects

10                  identified above, and iOS submissions to be made to Apple, Inc. for a Swipe &

11                  Bite mobile application on iTunes or any other Apple automated vending system,

12                  and for developing a Swipe & Bite application for Android mobile devices

13                  (collectively, the "Company Property"); and

14          c.    All passwords and other computerized resources related to production

15                  applications, email, customer contracts and proposals, or any other computerized

16                  resources.

17      29.    The Company has been unable to restore or recover the work in progress up to

18  June 30, 2015, or resume development.

19      30.    This "shut down" was done without notification or approval of the Board of

20  Directors of Swipe & Bite, or its CEO. Defendants Chow and Trinh failed and refused to respond

21  to Chris Hutchison's repeated inquiries regarding resuming work, or assistance in restoring

22  access so that work could be resumed, and continue to fail and refuse to do so.

23      31.    Swipe & Bite alerted the police and filed a police report that requested a criminal

24  investigation commence against Defendants' wrongful and malicious attempt to steal and theft of

25  Company Property.

26      32.    For as long as Chow and Trinh refuse to restore access to all of its Company

27  Property, the Company cannot continue work to meet its commitments to business partners and

28  customers.  The Company missed agree-upon launch deadlines in July 2015 and delivery dates in

*Computerlaw Group LLP*
*www.computerlaw.com*sm

June and July for its university customers.  Its August 2015 dates are jeopardized as well.  It has been forced to notify these partners and customers that it is dealing with a disruption, and that until this situation is resolved, it cannot continue and deliver the work promised to those partners and customers.  The Company also stands to lose, as a result of the disruption, and the missed deadlines and delivery dates, vendor prospects representing over 450 storefronts and the 640 campuses in a tight-knit university community, thereby causing irreparable injury and substantial monetary damages well over $1,000,000 to the Company, to its business, and to its business goodwill.

<div align="center">

### FIRST CAUSE OF ACTION

### (Breach Of Fiduciary Duty Against Chow)

</div>

33.     Swipe & Bite incorporates by reference each and every allegation set forth in Paragraphs 1 through 32, as if set forth at length here.

34.     Attorney Chow was a partner in and promoter of and fiduciary of Swipe & Bite under the oral agreement memorialized by email, and Attorney Chow served as the Chief Technical Officer and General Counsel.

35.     Under settled California law, Attorney Chow owes a fiduciary duties of loyalty and care to Swipe & Bite.  Those duties require the utmost loyalty, honesty, candor, and good faith in Attorney Chow, and the duty to account for and disgorge corporate opportunities, assets, and value misappropriated by Chow and Trinh at the expense of the Company and in violation of these fiduciary duties.

36.     Attorney Chow has repeatedly breached those fiduciary duties as detailed above.

37.     Swipe & Bite has demanded that Attorney Chow comply with his fiduciary duties, to restore or assist in restoring development efforts and other operations, and to disclose fully and to account fully to Swipe & Bite for all of the Company Property, Corporate opportunities, and other assets, and for value garnered to Attorney Chow and his accomplice Trinh at the expense of the Company in breach of Attorney Chow's fiduciary duties.

38.     Defendant's wrongful and malicious conduct caused irreparable injury and substantial monetary damages to the Company, to its business, and to its business goodwill by,

Computerlaw Group LLP
www.computerlaw.com℠

1    among other things, disrupting the growth of the Company, and interfering with the goodwill

2    with its customers and customer prospects.

3        39.    Attorney Chow further disrupted the Company's efforts to mitigate the harm he

4    caused by refusing to cooperate with the restoration of the Company's development efforts and

5    other operations, and by failing and refusing to acknowledge and perform any of his fiduciary

6    duties to Swipe & Bite, including to provide any of the accounting required.

7        40.    Attorney Chow's wrongful conduct proximately caused or otherwise was also a

8    substantial factor in causing continuing harm to Swipe & Bite which is not compensable in

9    money damages. As a licensed and active attorney, as a fiduciary who was promoter, counsel,

10    and officer, in repeating his wrongful acts, in refusing to mitigate the harm from his actions after

11    notice from the Company, Attorney Chow knew that his acts were wrongful, reckless,

12    destructive, and constituted breaches of fiduciary duty in violation of the law.  He further knew

13    that his actions would cause harm to the Company at a time when the target of his conduct was

14    financially vulnerable to Attorney Chow's wrongful conduct, exacerbating the economic and

15    other harm.  Attorney Chow caused the harm through his intentional malice, trickery, and deceit.

16    His acts were reprehensible and willful, malicious, oppressive, and fraudulent, warranting an

17    award of punitive damages up to ten time (10x) of the compensatory award, or otherwise as

18    allowed by law, to punish and deter such conduct in the future.  U.S. Const. amend. XIV, § 1;

19    Cal. Const., art. I, § 7(a), Cal. Civ. Code § 3294 (2015).

20                        **SECOND CAUSE OF ACTION**

21                **(Aiding and Abetting Breach Of Fiduciary Duty**

22                **Against Trinh, Shuk Chow, and Alice Chow)**

23        41.    Swipe & Bite incorporates by reference each and every allegation set forth in

24    Paragraphs 1 through 40, as if set forth at length here.

25        42.    Attorney Chow served as the Chief Technical Officer and General Counsel.

26        43.    Defendant Trinh was a software engineer for Swipe & Bite under his "sweat

27    equity" agreement with the Company, and Trinh knew of Attorney Chow's agreement with the

28    Company and that Attorney Chow was a partner in Swipe & Bite under that agreement, and

Computerlaw Group LLP
www.computerlaw.com℠

1    its Chief Technical Officer and General Counsel.

2         44.    Defendant Shuk Chow and Alice Chow knowingly aided and abetted Attorney

3    Chow in the wrongdoing alleged, by, among other knowing assistance, providing Attorney Chow

4    with office space, equipment, and capital to carry out the wrongdoing as alleged herein

5         45.    Defendants Trinh, Shuk Chow, and Alice Chow further aided and abetted

6    Attorney Chow by rendering material assistance to Attorney Chow in planning and executing the

7    acts constituting breaches of fiduciary duty by Attorney Chow, as alleged above

8         46.    As alleged above, Attorney Chow owes fiduciary duties of loyalty and care to

9    Swipe & Bite, which Attorney Chow willfully breached as alleged above.

10        47.    Attorney Chow's wrongful and malicious breaches of fiduciary duty, with

11   Defendants' and each Defendant's knowing and willing aid, caused irreparable injury and

12   substantial monetary damages to the Company, to its business, and to its business goodwill by,

13   among other things, disrupting the growth of the Company, crippling development work and

14   operations of the Company, preventing it from meeting development and delivery deadlines,

15   preventing it from pursuing customer prospects, and interfering with its goodwill with its

16   employees, contractors, customers, and customer prospects.

17        48.    Defendants and each Defendant further aided and abetted the disruption of the

18   Company's efforts to mitigate the harm Defendants caused and Attorney Chow's fiduciary

19   breaches, and by refusing to cooperate with restoration or recovery of Company operations and

20   development when asked by the Company to do so.

21        49.    Harm is irreparable. Defendants' conduct and each Defendant's conduct

22   proximately caused or otherwise was also a substantial factor in causing continuing harm to

23   Swipe & Bite which is not fully compensable in money damages. The actual damage caused are

24   substantial and continuing, and exceed $1,000,000.

25        50.    Defendants and each Defendant knowingly, willfully, and maliciously aided and

26   abetted Attorney Chow's breaches of fiduciary duty in violation of the law, causing harm to the

27   Company, warranting an award of punitive damages to punish and deter such conduct in the

28   future. Their wrongful conduct proximately caused or otherwise was also a substantial factor in

Computerlaw Group LLP
www.computerlaw.com℠

1  causing continuing harm to Swipe & Bite which is not compensable in money damages.

2  Defendants and each Defendant knew that Attorney Chow was a licensed and active attorney,

3  and a fiduciary who was promoter, counsel, and officer of the Company.  Defendants and each

4  Defendant knew that these acts were wrongful, reckless, destructive, and constituted breaches of

5  fiduciary duty in violation of the law.  They and each of them further knew that these actions

6  would cause harm to the Company at a time when the target of this conduct was financially

7  vulnerable to Attorney Chow's wrongful conduct, exacerbating the economic and other harm.

8  They and each of them caused the harm through intentional malice, trickery, and deceit.  Their

9  acts were reprehensible and willful, malicious, oppressive, and fraudulent, warranting an award

10 of punitive damages up to ten time (10x) of the compensatory award, or otherwise as allowed by

11 law, to punish and deter such conduct in the future.  U.S. Const. amend. XIV, § 1; Cal. Const.,

12 art. I, § 7(a), Cal. Civ. Code § 3294 (2015).

13                    **THIRD CAUSE OF ACTION**

14      **(Intentional Interference With Contract Against Chow and Trinh)**

15     51.      Plaintiff incorporates by reference each and every allegation set forth in

16 Paragraphs 1 through 50, as if set forth at length here.

17     52.      Defendants were and are aware of the agreements which Plaintiff has with its

18 contractors, vendors, employees, and customers and they each were and are aware of all

19 contractual rights and obligations thereunder, as alleged above.

20     53.      Defendants Chow and Trinh, and each of them (and all other defendants acting in

21 concert with each of them) have intentionally interfered with contractual relations between

22 Plaintiff and its customers, and Mr. Campisi.  Their tortious interference with Plaintiff's rights

23 under the contracts that it has with its customers and others damaged and interfered with the

24 quiet enjoyment of Plaintiff's operation of its business. Defendants Chow and Trinh acted

25 outside the scope of authority, and directly contrary to the interests of Swipe & Bite, by various

26 forms of interference, among other things: unilaterally shutting down all operations, stopping and

27 sabotaging work, preventing the Company from recovering and restoring work, without any

28 notice to Swipe & Bite, and without permission or authorization of Swipe & Bite, or

Computerlaw Group LLP
www.computerlaw.com℠

1   disclosure to or permission from the Company's Board of Directors.

2       54.    The acts and conduct of Defendants, and each of them, as described above were

3   intentional and for the purpose of disrupting Plaintiff's relationships with its customers and

4   others (including Mr. Campisi) not yet known to Plaintiff for the purposes of damaging Plaintiff

5   for their own profits, advantages, and interests. By acting wrongfully, in excess of authority, and

6   in Chow, Trinh, and their co-tortfeasors' own interests, Chow, Trinh, and their co-tortfeasors

7   intentionally interfered with Swipe and Bite's contractual relations with its customers and others

8   (including Mr. Campisi). *Woods v. Fox Broadcasting Sub., Inc*., 129 Cal. App. 4th 344, 350–51

9   (2005) (and authorities cited).  Chow, Trinh, and their co-tortfeasors actions were in no way

10  based upon or motivated by the best interests of the Company or its customers or any others

11  (including Mr. Campisi), and in fact, they acted recklessly or deliberately to put their own

12  personal interests ahead and to the exclusion of those of the Company, its employees and

13  contractors, and its customers.

14      55.    As a result of said Defendants' intentional interference with Plaintiff's contracts

15  and agreements and its contractual rights and benefits and Plaintiff has been damaged in an

16  amount in excess of $1,000,000 in accordance with its proof at trial.

17      56.    The acts and conduct of Defendants, and each of them, to disrupt Plaintiff's

18  relationships with its customers, its employees, and others were undertaken in bad faith,

19  oppressively and maliciously, such that Plaintiff is entitled to an award of exemplary damages in

20  an amount sufficient to punish and deter such actions by said Defendant and others in the future

21  up to and including all constitutional limits thereon.  Defendants and each Defendant acted

22  knowingly, willfully, and maliciously in breach of Attorney Chow's fiduciary duties and in

23  violation of the law, causing harm to the Company, warranting an award of punitive damages to

24  punish and deter such conduct in the future.  Their wrongful conduct proximately caused or

25  otherwise was also a substantial factor in causing continuing harm to Swipe & Bite which is not

26  compensable in money damages.  Defendants and each Defendant knew that Attorney Chow was

27  a licensed and active attorney, and a fiduciary who was promoter, counsel, and officer of the

28  Company.  Defendants and each Defendant knew that these acts were wrongful, reckless,

Computerlaw Group LLP
www.computerlaw.com℠

1   destructive, and constituted breaches of fiduciary duty in violation of the law.  They and each of

2   them further knew that these actions would cause harm to the Company at a time when the target

3   of this conduct was financially vulnerable to Attorney Chow's wrongful conduct, exacerbating

4   the economic and other harm.  They and each of them caused the harm through intentional

5   malice, trickery, and deceit.  Their acts were reprehensible and willful, malicious, oppressive,

6   and fraudulent, warranting an award of punitive damages up to ten time (10x) of the

7   compensatory award, or otherwise as allowed by law, to punish and deter such conduct in the

8   future.  U.S. Const. amend. XIV, § 1; Cal. Const., art. I, § 7(a), Cal. Civ. Code § 3294 (2015).

9   <center>**FOURTH CAUSE OF ACTION**</center>

10  <center>**(Tortious Interference With Contract Against Chow and Trinh)**</center>

11  57.     Plaintiff incorporates by reference each and every allegation set forth in

12  Paragraphs 1 through 56, as if set forth at length here.

13  58.     Defendants were and are aware of the agreements which Plaintiff has with its

14  customers and others, as stated above, and they were and are aware of all contractual rights and

15  obligations thereunder.

16  59.     Defendants Chow and Trinh, and each of them (and all other defendants acting in

17  concert with them) have recklessly and tortiously interfered with contractual relations between

18  Plaintiff's customers and others. Their tortious interference with Plaintiff's rights under the

19  contracts that it has with its customers and others damaged and interfered with the quiet

20  enjoyment of Plaintiff's operation of its business. Defendants' various forms of reckless and

21  tortious interference include, among other things: unilaterally shutting down all operations,

22  stopping and sabotaging work, preventing the Company from recovering and restoring work,

23  without any notice to Swipe & Bite, and without permission or authorization of Swipe & Bite, or

24  disclosure to or permission from the Company's Board of Directors.

25  60.     As a proximate result of Defendants' actions, Plaintiff's contractual relationships

26  was breached with its customers and others when Swipe & Bite's development and operations

27  were disrupted and abruptly sabotaged, as alleged above.

28  //

Computerlaw Group LLP
www.computerlaw.com℠

61.     As a result of Defendants' intentional interference with Plaintiff's contracts and agreements and its contractual rights and benefits, Plaintiff has been damaged in an amount in excess of $1,000,000 in accordance with its proof at trial.

62.     The acts and conduct of Defendants, and each of them, to disrupt Plaintiff's relationships with its customers, its employees, and others were undertaken in bad faith, oppressively and maliciously, such that Plaintiff is entitled to an award of exemplary damages in an amount sufficient to punish and deter such actions by said Defendant and others in the future up to and including all constitutional limits thereon.  Defendants and each Defendant acted knowingly, willfully, and maliciously in breach of Chow's fiduciary duties and in violation of the law, causing harm to the Company, warranting an award of punitive damages to punish and deter such conduct in the future.  Their wrongful conduct proximately caused or otherwise was also a substantial factor in causing continuing harm to Swipe & Bite which is not compensable in money damages.  Defendants and each Defendant knew that Attorney Chow was a licensed and active attorney, and a fiduciary who was promoter, counsel, and officer of the Company. Defendants and each Defendant knew that these acts were wrongful, reckless, destructive, and constituted breaches of fiduciary duty in violation of the law.  They and each of them further knew that these actions would cause harm to the Company at a time when the target of this conduct was financially vulnerable to Attorney Chow's wrongful conduct, exacerbating the economic and other harm.  They and each of them caused the harm through intentional malice, trickery, and deceit.  Their acts were reprehensible and willful, malicious, oppressive, and fraudulent, warranting an award of punitive damages up to ten time (10x) of the compensatory award, or otherwise as allowed by law, to punish and deter such conduct in the future.  U.S. Const. amend. XIV, § 1; Cal. Const., art. I, § 7(a), Cal. Civ. Code § 3294 (2015).

## FIFTH CAUSE OF ACTION

### (Intentional Interference With Prospective Advantage Against Chow and Trinh)

63.     Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 62, as if set forth at length here.

//

64. Swipe & Bite had existing, ongoing and valuable business opportunities and relationships with its strategic partners and customer prospects, including, but not limited to the actual and potential business opportunities with associates, vendors, customers, prospective customers, and others. The Company had reasonable expectations that those relationships would continue absent wrongful interference. Defendants knew of these opportunities with associates, vendors, customers, prospective customers, and others, and of Plaintiff Swipe & Bite's reasonable expectations of economic advantage from those opportunities.

65. Defendants Chow and Trinh and the other Defendants acting in concert with them have knowingly engaged in the following wrongful conduct with the intention of disrupting Swipe & Bite's business relationships and of interfering with Swipe & Bite's prospective business advantage:

a. Removing access to computer software libraries, open source files, computer source code, documentation or other ESI on remote servers;

b. Removing access to passwords to Swipe & Bite production applications, email, customer contracts and proposals, or any other computerized resources; and

c. Stopping their own and the Company's development work;

d. Removing access to any and all information pertaining to applications in progress, such as planned "white label" mobile application to be branded by the customers and customer prospects identified above, and iOS submissions to be made to Apple, Inc. for a Swipe & Bite mobile application on iTunes or any other Apple automated vending system, and for developing a Swipe & Bite application for Android mobile devices; and

e. Both failing and refusing to cooperate and assist the Company in resuming operations and development work.

66. The acts and conduct of Defendants, and each of them, were undertaken for the purpose of damaging Plaintiff Swipe & Bite and rendering it unable to compete effectively. As a direct and proximate result of Defendant's conduct, Plaintiff Swipe & Bite has sustained and will continue to sustain damages in an amount in excess of $1,000,000 to be proven at trial,

Computerlaw Group LLP
www.computerlaw.com℠

1   but in no event less than the jurisdictional minimum of this court.

2       67.     By acting wrongfully, in excess of authority, and in Attorney Chow and his co-

3   tortfeasors' own interests, Attorney Chow and his co-tortfeasors also intentionally interfered with

4   Swipe & Bite's prospective economic advantage by interfering with and sabotaging its

5   relationships with its associates, vendors, customers, prospective customers, and others. *Woods*,

6   129 Cal. App. 4th at 351 (and authorities cited). Attorney Chow and his co-tortfeasors' actions

7   were in no way based upon or motivated by the best interests of Swipe & Bite or Swipe & Bite's

8   third-party associates, vendors, customers, prospective customers, and others, and in fact,

9   Defendants, and each of them, acted recklessly or deliberately to put their own interests ahead

10   and to the exclusion of those of Swipe & Bite, its officers, associates, vendors, customers,

11   prospective customers, and others.

12       68.     The acts and conduct of Defendants, and each of them, to disrupt Plaintiff's

13   relationships with its customers, its employees, and others were undertaken in bad faith,

14   oppressively and maliciously, such that Plaintiff is entitled to an award of exemplary damages in

15   an amount sufficient to punish and deter such actions by said Defendant and others in the future

16   up to and including all constitutional limits thereon. Defendants and each Defendant acted

17   knowingly, willfully, and maliciously in breach of Attorney Chow's fiduciary duties and in

18   violation of the law, causing harm to the Company, warranting an award of punitive damages to

19   punish and deter such conduct in the future. Their wrongful conduct proximately caused or

20   otherwise was also a substantial factor in causing continuing harm to Swipe & Bite which is not

21   compensable in money damages. Defendants and each Defendant knew that Attorney Chow was

22   a licensed and active attorney, and a fiduciary who was promoter, counsel, and officer of the

23   Company. Defendants and each Defendant knew that these acts were wrongful, reckless,

24   destructive, and constituted breaches of fiduciary duty in violation of the law. They and each of

25   them further knew that these actions would cause harm to the Company at a time when the target

26   of this conduct was financially vulnerable to Attorney Chow's wrongful conduct, exacerbating

27   the economic and other harm. They and each of them caused the harm through intentional

28   malice, trickery, and deceit. Their acts were reprehensible and willful, malicious, oppressive,

Computerlaw Group LLP
www.computerlaw.com℠

1   and fraudulent, warranting an award of punitive damages up to ten time (10x) of the

2   compensatory award, or otherwise as allowed by law, to punish and deter such conduct in the

3   future.  U.S. Const. amend. XIV, § 1; Cal. Const., art. I, § 7(a), Cal. Civ. Code § 3294 (2015).

### SIXTH CAUSE OF ACTION

### (Tortious Interference With Prospective Advantage Against Chow and Trinh)

6   69.      Plaintiff incorporates by reference each and every allegation set forth in

7   Paragraphs 1 through 68, as if set forth at length here.

8   70.      As alleged above, Plaintiff Swipe & Bite had existing, ongoing and valuable

9   business opportunities and relationships with its customers, potential customers and strategic

10  partners, including, but not limited to actual and potential business opportunities, associates,

11  vendors, customers, prospective customers, and others, and had reasonable expectations that

12  those relationships would continue absent wrongful interference. Attorney Chow knew of these

13  opportunities, associates, vendors, customers, prospective customers, and others and of Plaintiff

14  Swipe & Bite's reasonable expectations of economic advantage.

15  71.      Attorney Chow and other Defendants acting in concert with him have knowingly

16  engaged in the following wrongful conduct with the reckless and tortious intention of disrupting

17  Plaintiff Swipe & Bite's business relationships and of interfering with Plaintiff Swipe & Bite's

18  prospective business advantage:

19      a.      Removing access to computer software libraries, open source files, computer

20              source code, documentation or other ESI on remote servers;

21      b.      Removing access to passwords to Swipe & Bite production applications, email,

22              customer contracts and proposals, or any other computerized resources; and

23      c.      Stopping their own and the Company's development work;

24      d.      Removing access to any and all information pertaining to applications in progress,

25              such as planned "white label" mobile application to be branded by the customers

26              and customer prospects identified above, and iOS submissions to be made to

27              Apple, Inc. for a Swipe & Bite mobile application on iTunes or any other Apple

28              automated vending system, and for developing a Swipe & Bite application

Computerlaw Group LLP
www.computerlaw.com℠

1    for Android mobile devices; and

2    e.    Both failing and refusing to cooperate and assist the Company in resuming

3          operations and development work.

4    72.    The acts and conduct of Defendants, and each of them, were undertaken for the

5    purpose of damaging Plaintiff Swipe & Bite and rendering it unable to compete effectively.  As a

6    direct and proximate result of Defendants' conduct, Plaintiff Swipe & Bite has sustained and will

7    continue to sustain damages in an amount in excess of $1,000,000 to be proven at trial, but in no

8    event less than the jurisdictional minimum of this court.

9    73.    The acts and conduct of Defendants, and each of them, to disrupt Plaintiff's

10   relationships with its customers, its employees, and others were undertaken in bad faith,

11   oppressively and maliciously, such that Plaintiff is entitled to an award of exemplary damages in

12   an amount sufficient to punish and deter such actions by said Defendant and others in the future

13   up to and including all constitutional limits thereon.  Defendants and each Defendant acted

14   knowingly, willfully, and maliciously in breach of Attorney Chow's fiduciary duties and in

15   violation of the law, causing harm to the Company, warranting an award of punitive damages to

16   punish and deter such conduct in the future.  Their wrongful conduct proximately caused or

17   otherwise was also a substantial factor in causing continuing harm to Swipe & Bite which is not

18   compensable in money damages.  Defendants and each Defendant knew that Attorney Chow was

19   a licensed and active attorney, and a fiduciary who was promoter, counsel, and officer of the

20   Company.  Defendants and each Defendant knew that these acts were wrongful, reckless,

21   destructive, and constituted breaches of fiduciary duty in violation of the law.  They and each of

22   them further knew that these actions would cause harm to the Company at a time when the target

23   of this conduct was financially vulnerable to Attorney Chow's wrongful conduct, exacerbating

24   the economic and other harm.  They and each of them caused the harm through intentional

25   malice, trickery, and deceit.  Their acts were reprehensible and willful, malicious, oppressive,

26   and fraudulent, warranting an award of punitive damages up to ten time (10x) of the

27   compensatory award, or otherwise as allowed by law, to punish and deter such conduct in the

28   future.  U.S. Const. amend. XIV, § 1; Cal. Const., art. I, § 7(a), Cal. Civ. Code § 3294 (2015).

Computerlaw Group LLP
www.computerlaw.com℠

1

## SEVENTH CAUSE OF ACTION

2

### (Conspiracy By Defendants Chow, Trinh, Shuk Chow, and Alice Chow)

3    74.    Plaintiff incorporates by reference each and every allegation set forth in

4    Paragraphs 1 through 73, as if set forth at length here.

5    75.    As alleged, Defendants planned and agreed with each other and with Doe

6    Defendant co-tortfeasors and co-conspirators in order to plan and perpetrate the "shut down" and

7    sabotage Swipe & Bite's systems, by:

8        a.    Removing access to computer software libraries, open source files, computer

9             source code, documentation or other ESI on remote servers;

10       b.    Removing access to passwords to Swipe & Bite production applications, email,

11            customer contracts and proposals, or any other computerized resources; and

12       c.    Stopping their own and the Company's development work;

13       d.    Removing access to any and all information pertaining to applications in progress,

14            such as planned "white label" mobile application to be branded by the customers

15            and customer prospects identified above, and iOS submissions to be made to

16            Apple, Inc. for a Swipe & Bite mobile application on iTunes or any other Apple

17            automated vending system, and for developing a Swipe & Bite application for

18            Android mobile devices;

19       e.    Both failing and refusing to cooperate and assist the Company in resuming

20            operations and development work;

21       f.    Rendering material assistance to Attorney Chow in planning and executing the

22            acts constituting breaches of fiduciary duty by Attorney Chow, as alleged above;

23       g.    Disrupting the growth of the Company, crippling development work and

24            operations of the Company, preventing it from meeting development and delivery

25            deadlines, preventing it from pursuing customer prospects, and interfering with its

26            goodwill with its employees, contractors, customers, and customer prospects; and,

27       h.    Aiding and abetting the disruption of the Company's efforts to mitigate the harm

28            Defendants caused and Attorney Chow's fiduciary breaches, and by refusing to

Computerlaw Group LLP
www.computerlaw.com℠

1   cooperate with restoration or recovery of Company operations and development

2   when asked by the Company to do so.

3   76.     As an intended result and by design, Defendants deprived Swipe & Bite of the

4   lost income and opportunities for the continuing unlawful period of the shut-down and sabotage,

5   required the diversion of resources from other functions (sales, marketing, sales operations,

6   finance, and general management) to address the crisis, and delayed and impeded those efforts to

7   restore operations.

8   77.     Defendants, each of them, and the Doe Defendant co-tortfeasors and co-

9   conspirators carried out this plan, with the intention of harming the Company, disrupting

10  development and operations, and misappropriating Swipe & Bite's actual and potential business

11  opportunities, associates, vendors, customers, prospective customers, and others, for their own

12  personal gain.

13  78.     The tortious conspiracy of Defendants, and each of them, were undertaken for the

14  purpose of damaging Plaintiff Swipe & Bite and rendering it unable to compete effectively.  As a

15  direct and proximate result of Defendant's conduct, Plaintiff Swipe & Bite has sustained and will

16  continue to sustain damages in an amount in excess of $1,000,000 to be proven at trial, but in no

17  event less than the jurisdictional minimum of this court.

18  79.     The acts and conduct of Defendants, and each of them, to disrupt Plaintiff's

19  relationships with its customers, its employees, and others were undertaken in bad faith,

20  oppressively and maliciously, such that Plaintiff is entitled to an award of exemplary damages in

21  an amount sufficient to punish and deter such actions by said Defendant and others in the future

22  up to and including all constitutional limits thereon.  Defendants and each Defendant acted

23  knowingly, willfully, and maliciously in breach of Attorney Chow's fiduciary duties and in

24  violation of the law, causing harm to the Company, warranting an award of punitive damages to

25  punish and deter such conduct in the future.  Their wrongful conduct proximately caused or

26  otherwise was also a substantial factor in causing continuing harm to Swipe & Bite which is not

27  compensable in money damages.  Defendants and each Defendant knew that Attorney Chow was

28  a licensed and active attorney, and a fiduciary who was promoter, counsel, and officer of the

Computerlaw Group LLP
www.computerlaw.com℠

1  Company.  Defendants and each Defendant knew that these acts were wrongful, reckless,

2  destructive, and constituted breaches of fiduciary duty in violation of the law.  They and each of

3  them further knew that these actions would cause harm to the Company at a time when the target

4  of this conduct was financially vulnerable to Attorney Chow's wrongful conduct, exacerbating

5  the economic and other harm.  They and each of them caused the harm through intentional

6  malice, trickery, and deceit.  Their acts were reprehensible and willful, malicious, oppressive,

7  and fraudulent, warranting an award of punitive damages up to ten time (10x) of the

8  compensatory award, or otherwise as allowed by law, to punish and deter such conduct in the

9  future.  U.S. Const. amend. XIV, § 1; Cal. Const., art. I, § 7(a), Cal. Civ. Code § 3294 (2015).

<div align="center">

**EIGHTH CAUSE OF ACTION**

**(Violation Of Court Orders Against Defendant Trinh)**

</div>

12  80.  Plaintiff incorporates by reference each and every allegation set forth in

13  Paragraphs 1 through 79, as if set forth at length here.

14  81.  On July 10, 2015, the Court entered the Temporary Restraining Order ("Order")

15  attached as **Exhibit 4** against Defendant Trinh in Case 1:15-cv-282804.

16  82.  Trinh was served with the Order in person on July 13, 2015 as shown by the Proof

17  of Service filed with the court on July 20, 2014 and attached as **Exhibit 5**.

18  83.  Before to producing his computer for imaging by the Forensic Expert, Defendant

19  Trinh, violated the Order by wiping (permanently deleting) and otherwise destroying or

20  attempting to destroy ESI and other evidence on the computer and by failing and refusing to turn

21  over to Swipe & Bite the forensic image made by the Forensic Expert.

22  84.  Defendant's conduct has caused harm to Swipe & Bite, entitling Plaintiff to an

23  award of compensatory damages according to proof.

24  85.  Defendant's bad faith conduct in litigation and specific violations of the Court's

25  July 10, 2015 discovery and injunction Order, the California Rules of Court, and the California

26  Code of Civil Procedure.  Such conduct and violations warrant sanctions for misconduct,

27  contempt, and discovery violations as allowed by law, including monetary sanctions against

28  Defendant Trinh, entry of default judgment against Defendant Trinh, orders precluding evidence

Computerlaw Group LLP
www.computerlaw.com℠

1  identified as spoliated or destroyed; orders adjudicating issues against Defendant; and an award

2  of Plaintiff's attorneys' fees and costs

3  <center>NINTH CAUSE OF ACTION</center>

4  <center>(Declaratory Relief Against All Defendants)</center>

5  86.      Plaintiff incorporates by reference each and every allegation set forth in

6  Paragraphs 1 through 85, as if set forth at length here.

7  87.      An actual, substantial controversy has arisen and exists between Plaintiff Swipe &

8  Bite and Defendants as to the continued breach of fiduciary duty by Defendants; their refusal to

9  act in accordance with their fiduciary duties and corporate responsibilities; and the ownership of

10 Property, including the technology and mobile application product and website, designed and

11 developed from Chris Hutchison's ideas, plan, and specifications, for Swipe & Bite.

12 88.      Plaintiff is entitled to declaratory judgment that Defendants are obligated to

13 perform their fiduciary and other duties to the Company and that Defendants must refrain from

14 interfering with the Company's current and future contracts, operations, and relationship with

15 clients, vendors, contractors, customers, and employees.

16 89.      Plaintiff further is entitled to declaratory judgment that Defendants are no longer

17 an employee, contractor, option holder, shareholder or other stakeholder of Plaintiff.  Because

18 Plaintiff possesses no administrative remedies and no other non-judicial remedies and because

19 repeated attempts but futile attempts by Plaintiff to Defendants to redress all grievances, there is

20 therefore an urgent need for judicial declaration of the parties rights, duties and obligations at the

21 earliest available date allowed by law including by and through the expedited procedures set for

22 the in Section 1060 *et seq.* of the California Code of Civil Procedures.

23 90.      Plaintiff is further entitled to a declaration that Swipe & Bite is the owner of the

24 Company Property including all rights to, title to, and interest in and to the Mobile Application,

25 including the underlying technology and mobile application product and website.

26 <center>PRAYER FOR RELIEF</center>

27 WHEREFORE, Swipe & Bite, Inc. prays for judgment against Defendants, jointly and

28 severally, individually and collectively, as follows:

Computerlaw Group LLP
www.computerlaw.com℠

1.    On the First and Second Causes of Action for temporary, preliminary, and permanent injunctive relief against Defendants, and each of them, and any of their officers, agents, servants, employees, and all other persons acting in concert with them, from directly or indirectly engaging in, committing, or performing any of the following acts:

A.    Defendants, and each of them, are no longer authorized or permitted to represent themselves to any third party as an employee, officer, executive, agent, or other authorized representative of Swipe & Bite;

B.    Defendants, and each of them, are no longer authorized permitted to have any communications with any customers, prospective customers, employees, officers, contractors, vendors, or anyone affiliated in any way with Swipe & Bite where such communications purport to give any type of orders, commands, or directions;

C.    Defendants, and each of them, are no longer authorized or permitted to disrupt, defame, disparage, or otherwise interfere with the business or management of Swipe & Bite or its officers, contractors, or employees; and

D.    Defendants, and each of them, shall certify to Plaintiff under oath that they have not destroyed any Electronically Stored Information ("ESI") including but not limited to any items relating to this dispute, or relating to or otherwise mentioning Swipe & Bite or the mobile application or website in development; or, if such destruction has occurred, Defendants shall fully describe to Plaintiff when such deletion occurred, how much data was deleted, on which computers such data was deleted from and immediately turn over to a mutually agreed forensic expert all computers from which any ESI has been deleted.

E.    Defendants, and each of them, shall certify to Plaintiff under oath that they will have restored to the Company copies of  all work product, passwords, and archives or backups  related to the Swipe & Bite website and mobile applications, including the following:

i.    computer software libraries, open source files, computer source code, documentation or other ESI from the remote servers;

ii.    Any and all other records pertaining to Swipe & Bite corporate matters;

Computerlaw Group LLP
www.computerlaw.com℠

Computerlaw Group LLP
www.computerlaw.com℠

1    iii.  Passwords and computerized resources related to production applications,

2        email, customer contracts, and proposals;

3    iv.  applications in progress, such as planned "white label" mobile application

4        to be branded by the customers and customer prospects identified above,

5        and iOS submissions to be made to Apple, Inc. for a Swipe & Bite mobile

6        application on iTunes or any other Apple automated vending system, and

7        for developing a Swipe & Bite application for Android mobile devices.;

8        and,

9    v.  Any and all other information, documentation, printouts, materials, work

10        product or other ESI which refers or relates to any aspect of the computer

11        software that was in development on the website or mobile application

12        through the present.

13   2.  On the First and Second Causes of Action, for an award against all Defendants for

14 Plaintiff's actual damages in an amount to be proven at trial, for the unjust enrichment obtained

15 by Defendants from their acts in the breach of fiduciary duty, and for exemplary in an amount

16 amount sufficient to punish and deter such conduct by Defendants and others in the future;

17   3.  On the Third Cause of Action, for an award against Defendants for Plaintiff's

18 actual damages in an amount to be proven at trial and for exemplary damages in an amount

19 sufficient to punish and deter such conduct by Defendants and others in the future;

20

21   4.  On the Fourth Cause of Action, for an award against Defendants for Plaintiff's

22 actual damages in an amount to be proven at trial and for exemplary damages in an amount

23 sufficient to punish and deter such conduct by Defendants and others in the future;

24   5.  On the Fifth Cause of Action, for an award against Defendants for Plaintiff's

25 actual damages in an amount to be proven at trial and for exemplary damages in an amount

26 sufficient to punish and deter such conduct by Defendant and others in the future;

27

28

6.     On the Sixth Cause of Action, for an award against Defendants for Plaintiff's actual damages in an amount to be proven at trial and for exemplary damages in an amount sufficient to punish and deter such conduct by Defendant and others in the future;

7.     On the Seventh Cause of Action, for an award of compensatory, punitive damages, and attorneys' fees as allowed by law;

8.     On the Eighth Cause of Action, for a finding of contempt and an order to show cause why sanctions for misconduct, contempt, and discovery violations should not issue, including, as deemed appropriate in the Court's discretion, monetary sanctions against Defendant Trinh, entry of default judgment against Defendant Trinh, orders precluding evidence identified as spoliated or destroyed; orders adjudicating issues against Defendant; compensatory damages; and an award of Plaintiff's attorneys' fees and costs.

9.     On the Ninth Cause of Action, for declaratory judgment that Defendants Chow and Trinh, each of them, is no longer an associated with the Plaintiff.

10.     On the Ninth Cause of Action, for declaratory judgment against Defendants Chow, Trinh, Shuk Chow, and Alice Chow that Swipe & Bite is the owner of all rights to, title to, and interest in the Mobile Application, including the technology and mobile application product and website.

11.     For an award of its attorneys' fees and costs as otherwise allowed by law.

12.     For pre- and post-judgment interest as allowed by law.

13.     For such other relief as the Court deems just and equitable.

Dated: August 24, 2015

COMPUTERLAW GROUP LLP

By: _Jack Russo_ _____

Jack Russo
Christopher Sargent

Attorneys for Plaintiff SWIPE & BITE, INC.

Computerlaw Group LLP
www.computerlaw.com℠

1

## JURY DEMAND

2      Plaintiff demands a trial by jury on each and every cause of action which is triable by or

3  which may otherwise be tried by jury in this action.

4  Dated: August 24, 2015               COMPUTERLAW GROUP LLP

5                           By:

6                              Jack Russo

7                              Christopher Sargent

8                         Attorneys for Plaintiff SWIPE & BITE, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Computerlaw Group LLP
www.computerlaw.com℠

# Exhibit1

August 24, 2015
(First Amended Complaint by Swipe & Bite, Inc.)

## David A. Makman

Dear Jack,

This is to memorialize our agreement.

Today, when S&B's Expert, Jon Berryhill, arrived, we learned that the procedure we had agreed to is not technically feasible in that we can't remove the SeaChange files from the image once it is made and removing them now could interfere with the preservation of evidence. We also learned that copying Trinh's drive would take on the order of six hours.

As a result we agreed as follows:

(1)  To preserve evidence, Jon Berryhill will make an image of Trinh's drive now, will leave the imaging software running and the imaging will continue. I will lock the doors when I leave the office.

(2)  By tomorrow morning, the image should be complete. Jon Berryhill will come here and retrieve his equipment. He will also deliver to me a copy of the USB drive that Chow gave to you and that Chow has represented contain all of the files on Chow's S+B GitHub account. My client is free to review that USB drive in my office with my supervision, but no copies are to be made, and no portions will be transmitted, copied, delivered or otherwise disclosed or used. Should Trinh retain an expert, and should that expert need a copy, we will disclose the expert and make arrangements for confidentiality.

(3)  I will retain everything here (other than the return of the MAC equipment to Trinh and the computer forensics equipment to Berryhill), pending resolution of the issue of SeaChange software that is on the image with SeaChange's counsel. We will get a protective order entered that will ensure confidentiality, and will ensure that Jon Berryhill does not copy the image, or use it himself, or provide any information to you that is not related to this S&B lawsuit. Once the protective order is entered, I will deliver the exact drive with the exact image to Berryhill and he will gather discovery for the case.

David A. Makman
Makman & Matz LLP
655 Mariner's Island Blvd Suite 306
San Mateo, CA 94404
Tel: 650-242-1560

May Contain Information Protected By Attorney-Client Privilege, or Reference Trade Secret, Confidential, or Proprietary Information. Use/Review Intended for Recipient Only.

Read & Agreed

_Jacob Ross_
Counsel + Plaintiff

_Jon Berryhill_
Expert for Plaintiff

1

# Exhibit 2

August 24, 2015
(First Amended Complaint by Swipe and Bit e, Inc.)

● Re: Visa-Ecomm Merchant Guide.pdf                                    People  

-------- Original message --------
From: William Chow <williamchow888@gmail.com>
Date: 05/02/2015 2:50 PM (GMT-08:00)
To: "Su, Szufan (Susie)" <Szufan.Su@e-hps.com>, chris hutchison <chrisky13biz@yahoo.com>
Subject: Re: Visa-Ecomm Merchant Guide.pdf

Hi Susan:

As corporate counsel I will be handling any legal details going forward.

Our Refund Policy is As Follows:

ALL SALES FINAL.
Because each restaurant meal is individually prepared for you when you place an order, orders cannot be cancelled once they are placed. Orders
cannot be changed or substituted once they are placed. If a venue fails to fill an order we will refund the money. Any claims of unfilled orders requires
contacting support@swipeandbite.com within 24 hours of ordering.

We are following http://www.dca.ca.gov/publications/legal_guides/s-6.shtml.

If you have any further questions, please do not hesitate to call. I would like to stress that time is of the essence, and we would like to get this
underwriting finished as soon as possible. If there is anything that comes up, please let me know immediately.

Sincerely,

William Chow
Corporate Counsel
████████████

# Exhibit 3

August 24, 2015
(First Amended Complaint by Swipe & Bite, Inc.)

----- Forwarded Message -----

**From:** William Chow <williamc_49@yahoo.com>

**To:** Chris Hutchison <chrisky13biz@yahoo.com>

**Sent:** Thursday, October 16, 2014 4:54 PM

**Subject:** Re: Touching Base

No worries about the contract, we'll fill in the details later. I got your message on my phone. I've been working out the architectural details of the system, so haven't had much time to think about other things. I spoke to a friend of mine and he'd like to help us out with the engineering for deferred compensation/possible equity. I'll let you meet him and see if you are comfortable with him.
Let's get together if you can this weekend at the cafe or just do a conference call. Let me know when.

I'll look over the link tonight and offer some feedback.

William

On Thursday, 16 October 2014, 15:00, Chris Hutchison <chrisky13biz@yahoo.com> wrote:

Hi Will,

I didnt forget about your contract with the 20% equity w/ 5% as options to buy. Please let this letter serve as a good faith contract until I get a professional contract together.

I have a cousin in FL that has volunteered to do the graphics for little to nothing. He is in the process of creating a logo and will start on the UI for the website post the creation. It will be great for us to collaborate through a conference call in the near future. I came across this site that creates mobile ordering apps and I would like to replicate some of their analytics into Swipe and Bite. Thoughts?

# Exhibit 4

August 24 , 2015
(First Amended Complaint by Swipe and Bite, Inc.)

Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
SWIPE & BITE, INC.

FILED

2015 JUL 10  P 3: 10

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By _____
C. Page

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| **Swipe & Bite, Inc.**, a California corporation, <br><br> Plaintiffs; <br><br> v. <br><br> **William Chow**, an individual; **Christopher Trinh**, an individual; **DOES 1 –25, inclusive,** <br><br> Defendants. | Case No. 115 CV 282804 <br><br> [PROPOSED] TEMPORARY RESTRAINING ORDER; ORDER FOR EXPEDITED DISCOVERY; ORDER TO SHOW CAUSE AND TURN OVER ORDER <br><br> Date:  July 8, 2015 <br> Time: 8:30 a.m. <br> Before: TBD <br> Dept.: TBD |

TRO and Order to Show Cause                                      Case No.

1    Plaintiff Swipe & Bite, Inc.'s ("Swipe & Bite" or, the "Company," or, "Plaintiff") *Ex*

2    *Parte* Application for Temporary Restraining Order came before the Court on the date set forth

3    below.  Good cause appearing therefore, and satisfactory proof having been made, for good

4    cause shown, **IT IS HEREBY ORDERED**:

TEMPORARY RESTRAINING ORDER

6    I.    Defendants William Chow and Christopher Trinh (collectively referred to as

7    "Defendants") and their officers, agents, servants, employees and any others in active concert or

8    participation with them who receive actual or constructive notice of this Order by personal

9    service or otherwise are individually and collectively hereby temporarily restrained and enjoined

10   from directly or indirectly engaging in, committing, or performing any of the following acts:

11        A.    Defendants, and each of them, are not permitted to represent themselves to any

12   third party as an employee, officer, executive, agent, or other authorized representative of Swipe

13   & Bite;

14        B.    Defendants, and each of them, are not permitted to have any communications with

15   any customers, prospective customers, employees, officers, contractors, vendors or anyone

16   affiliated in any way with Swipe & Bite where such communications purport to give any type of

17   orders, commands or directions;

18        C.    Defendants, and each of them, are not permitted to disrupt, defame, disparage or

19   otherwise interfere with the business or management of Swipe & Bite or its officers or

20   employees; and

21        D.    Defendants, and each of them,  shall certify to Plaintiff under oath that they have

22   not destroyed any Electronically Stored Information ("ESI") relating to or otherwise mentioning

23   Swipe & Bite; or, if such destruction has occurred, Defendants shall fully describe to Plaintiff

24   when such deletion occurred, how much data was deleted, on which computers such data was

25   deleted from and immediately turn over to a mutually agreed forensic expert all computers from

26   which any ESI has been deleted.

27

28

Computerlaw Group LLP
www.computerlaw.com℠

E.     Defendants, and each of them, shall certify to Plaintiff under oath that they will return all Company passwords, all Company assets, and all other Company property in their possession, within twenty-four hours of this Order, including the following:

1.     Swipe & Bite computer software libraries, open source files, computer source code, documentation or other ESI from the remote servers;

2.     Any and all other records pertaining to Swipe & Bite corporate matters;

3.     Passwords to Swipe & Bite production applications, email, customer contracts and proposals or any other computerized resource of Swipe & Bite;

4.     Any and all information pertaining to applications submitted for publishing using Company property such as any submission made to Apple, Inc. for publication of any mobile application on iTunes or any other Apple automated vending system; and,

5.     Any and all other information, documentation, printouts, materials, work product or other ESI which refers or relates to any aspect of the computer software that was in development for Plaintiff through the present including all originals, all copies, and all versions thereof.

### EXPEDITED DISCOVERY

II.     The Court finds good cause exists for allowing Plaintiff Swipe & Bite to take expedited discovery of each Defendant. Plaintiff Swipe & Bite may serve notice for the oral deposition on each Defendant and may set deposition on at least five (5) calendar days' notice after service of the TRO but depositions shall be taken in sequence. Each party may propound written discovery permitted by the California Code of Civil Procedure, which written discovery shall be responded to and personally served upon the opposing party within five (5) calendar days of receipt thereof; any objection thereto shall be personally served upon opposing counsel within three (3) calendar days of receipt thereof;

A.     Any discovery taken according to this Section II, above, shall be without prejudice to the parties' seeking additional discovery as permitted by the Code of Civil Procedure or further Order of the Court; however,

1    B.    The parties, directly or through their respective counsel, may, by written

2    stipulation, vary any of the terms of this Section II, above, by one or more written stipulations

3    entered into by all of them, provided that all such written stipulations are lodged with the Court

4    prior to the Order to Show Cause Date.

### ORDER TO SHOW CAUSE

6    III.    Defendants shall show cause on _____7 - 2 3_____, 2015 at

7    _9:00_ a.m./p.m. (the "OSC Date") why a preliminary injunction should not be entered

8    against them enjoining them during the pendency of this action from engaging in those actions

9    described in Paragraph 1 to 5, above.  Defendants shall personally serve any papers in opposition

10   to Swipe & Bite's *Ex Parte* Application for Temporary Restraining Order on counsel for Swipe

11   & Bite on or before _____7 - 20_____, 2015; Swipe & Bite shall personally serve any

12   papers in reply to said opposition on or before _____None_____, 2015.

### TURN OVER ORDER

14   IV.    Within three (3) calendar days of service of this Order, Defendants shall segregate

15   and separately produce to Plaintiff Swipe & Bite's counsel all of Plaintiff Swipe & Bite's

16   property, documents or other records or information, including but not limited to all company

17   passwords, all company assets, and all other company property of Plaintiff currently in their

18   possession, including the following:

19      1.    Swipe & Bite computer software libraries, open source files, computer source

20            code, documentation or other ESI from the remote servers;

21      2.    Any and all other records pertaining to Swipe & Bite corporate matters;

22      3.    Passwords to Swipe & Bite production applications, email, customer contracts

23            and proposals or any other computerized resource of Swipe & Bite.

24      4.    Any and all information pertaining to applications submitted for publishing using

25            Company property such as any submission made to Apple, Inc. for publication of

26            any mobile application on iTunes or any other Apple automated vending system;

27            and,

28

Computerlaw Group LLP
www.computerlaw.com℠

5.     Any and all other information, documentation, printouts, materials, work product or other ESI which refers or relates to any aspect of the computer software that was in development for Plaintiff through the present including all originals, all copies, and all versions thereof.

Good cause having been shown, the foregoing Orders were entered on this _10th_ day of July 2015 in San Jose, California.

Dated: _7-10_____, 2015

_____
Judge of the Superior Court
Joseph H. Huber

*Order applies to Defendant Christopher Trinh ONLY*

*7-10-15*

# Exhibit 5

August 24, 2015
(First Amended Complaint by Swipe and Bit e, Inc.)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)
Jack Russo (SBN: 96068)
Computer Law Group, LLP
401 Florence Street
Palo Alto, CA 94301
TELEPHONE NO.: (650) 327-9800          FAX NO.: (650) 618-1863
ATTORNEYS FOR: Plaintiff, Swipe and Bite, Inc.

FOR COURT USE ONLY

ENDORSED

2015 JUL 30 A 10: 45

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California

By_____ Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**

Plaintiff/Petitioner: Swipe and Bite, Inc.

V.

Defendant/Respondent: William Chow and Christopher Trinh

CASE NUMBER:
Case No. 1-15-CV-282804

## DECLARATION OF SERVICE

AT THE TIME OF SERVICE, I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

NOTICE OF ENTRY OF JUDGEMENT OR ORDER
TEMPORARY RESTRAINING ORDER; ORDER FOR EXPEDITED DISCOVERY;
ORDER TO SHOW CAUSE AND TURN OVER ORDER
CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET; CIVIL CASE COVER SHEET; COMPLAINT;
SUMMONS; DECLARATION OF CHRISTOPHER SARGENT IN SUPPORT OF EX PARTE APPLICATION
FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, TURNOVER ORDER, AND ORDER
FOR EXPEDITED DISCOVERY; DECLARATION OF GILDA HUTCHISON; DECLARATION OF JING WANG;
PLAINTIFF SWIPE & BITE, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER, (2) ORDER GRANTING EXPEDITED
DISCOVERY, (3) ORDER TO SHOW CAUSE, AND (4) TURNOVER NOTICE; NOTICE OF EX PARTE
APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER (2) ORDER GRANTING EXPEDITED DISCOVERY,
(3) ORDER TO SHOW CAUSE, AND (4) TURNOVER ORDER; [PROPOSED] TEMPORARY RESTRAINING ORDER;
ORDER FOR EXPEDITED DISCOVERY; ORDER TO SHOW CAUSE AND TURN OVER ORDER;
RE-NOTICE OF EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER (2) ORDER GRANTING
EXPEDITED DISCOVERY, (3) ORDER TO SHOW CAUSE, AND (4) TURNOVER ORDER;
DECLARATION OF JACK RUSSO; DECLARATION CHRIS HUTCHISON; PROOF OF SERVICE

ON: Christopher Trinh
AT: 11 Duboce Avenue, San Francisco, CA 94103

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH:

Nathan Halgo, Authorized to Accept Service on Behalf of Christopher Trinh

ON: July 13th, 2015 at 3:23pm

Server Name: Tommy Lau
County: N/A
Registration Number: N/A
Careful Attorney Service
122 9th Street
San Francisco, CA 94103
(415) 864-8014

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in this Declaration of Service is true and correct , and that this Declaration was executed on  July 13th, 2015 in San Francisco, CA.

Signature:_____

Tommy Lau

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)

Jack Russo (SBN: 96068)
Computer Law Group, LLP
401 Florence Street
Palo Alto, CA 94301
TELEPHONE NO.: (650) 327-9800     FAX NO.: (650) 618-1863
ATTORNEYS FOR: Plaintiff, Swipe and Bite, Inc.

FOR COURT USE ONLY



ENDORSED

2015 JUL 20  A 10: 45

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____
Deputy

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**

Plaintiff/Petitioner: Swipe and Bite, Inc.

v.

Defendant/Respondent: William Chow and Christopher Trinh

CASE NUMBER:
Case No. 1-15-CV-282804

### DECLARATION OF SERVICE

AT THE TIME OF SERVICE, I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

NOTICE OF ENTRY OF JUDGEMENT OR ORDER
TEMPORARY RESTRAINING ORDER; ORDER FOR EXPEDITED DISCOVERY;
ORDER TO SHOW CAUSE AND TURN OVER ORDER
CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET; CIVIL CASE COVER SHEET; COMPLAINT;
SUMMONS; DECLARATION OF CHRISTOPHER SARGENT IN SUPPORT OF EX PARTE APPLICATION
FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, TURNOVER ORDER, AND ORDER
FOR EXPEDITED DISCOVERY; DECLARATION OF GILDA HUTCHISON; DECLARATION OF JING WANG;
PLAINTIFF SWIPE & BITE, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER, (2) ORDER GRANTING EXPEDITED
DISCOVERY, (3) ORDER TO SHOW CAUSE, AND (4) TURNOVER NOTICE; NOTICE OF EX PARTE
APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER (2) ORDER GRANTING EXPEDITED DISCOVERY,
(3) ORDER TO SHOW CAUSE, AND (4) TURNOVER ORDER; [PROPOSED] TEMPORARY RESTRAINING ORDER;
ORDER FOR EXPEDITED DISCOVERY; ORDER TO SHOW CAUSE AND TURN OVER ORDER;
RE-NOTICE OF EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER (2) ORDER GRANTING
EXPEDITED DISCOVERY, (3) ORDER TO SHOW CAUSE, AND (4) TURNOVER ORDER;
DECLARATION OF JACK RUSSO; DECLARATION CHRIS HUTCHISON; PROOF OF SERVICE

ON: Christopher Trinh
AT: 11 Duboce Avenue, San Francisco, CA 94103

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH:

Nathan Halgo, Authorized to Accept Service on Behalf of Christopher Trinh

ON: July 13th, 2015 at 3:23pm

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>Jack Russo (SBN: 96068)<br>Computer Law Group, LLP<br>401 Florence Street<br>Palo Alto, CA 94301<br>TELEPHONE NO.: (650) 327-9800      FAX NO.: (650) 618-1863<br>ATTORNEYS FOR: Plaintiff, Swipe and Bite, Inc. | FOR COURT USE ONLY<br><br>ENDORSED<br><br>2015 JUL 20   A 10: 46<br><br>David H. Yamasaki, Chief Exec Superior Court<br>County of Santa Clara<br>By: _____<br>Deputy Clerk |

<center>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SANTA CLARA</center>

| | |
|---|---|
| Plaintiff/Petitioner: Swipe and Bite, Inc.<br>V.<br>Defendant/Respondent: William Chow and Christopher Trinh | CASE NUMBER:<br>Case No. 1-15-CV-282804 |

<center>DECLARATION OF SERVICE</center>

AT THE TIME OF SERVICE, I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

NOTICE OF ENTRY OF JUDGEMENT OR ORDER
TEMPORARY RESTRAINING ORDER; ORDER FOR EXPEDITED DISCOVERY;
ORDER TO SHOW CAUSE AND TURN OVER ORDER
CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET; CIVIL CASE COVER SHEET; COMPLAINT;
SUMMONS; DECLARATION OF CHRISTOPHER SARGENT IN SUPPORT OF EX PARTE APPLICATION
FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, TURNOVER ORDER, AND ORDER
FOR EXPEDITED DISCOVERY; DECLARATION OF GILDA HUTCHISON; DECLARATION OF JING WANG;
PLAINTIFF SWIPE & BITE, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER, (2) ORDER GRANTING EXPEDITED
DISCOVERY, (3) ORDER TO SHOW CAUSE, AND (4) TURNOVER NOTICE; NOTICE OF EX PARTE
APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER (2) ORDER GRANTING EXPEDITED DISCOVERY,
(3) ORDER TO SHOW CAUSE, AND (4) TURNOVER ORDER; [PROPOSED] TEMPORARY RESTRAINING ORDER;
ORDER FOR EXPEDITED DISCOVERY; ORDER TO SHOW CAUSE AND TURN OVER ORDER;
RE-NOTICE OF EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER (2) ORDER GRANTING
EXPEDITED DISCOVERY, (3) ORDER TO SHOW CAUSE, AND (4) TURNOVER ORDER;
DECLARATION OF JACK RUSSO; DECLARATION CHRIS HUTCHISON; PROOF OF SERVICE

ON: Christopher Trinh
AT: 2707 Glen Loman Way, San Jose, CA 95148

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH:

G. Trinh, Authorized to Accept Service on Behalf of Christopher Trinh

ON: July 13th, 2015 at 3:23pm

Server Name: Rudy De Dios
County: N/A
Registration Number: N/A
Careful Attorney Service
122 9th Street
San Francisco, CA 94103
(415) 864-8014

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in this Declaration of Service is true and correct, and that this Declaration was executed on July 13th, 2015 in San Francisco, CA.

Signature: _____
Rudy De Dios

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)
Jack Russo (SBN: 96068)
Computer Law Group, LLP
401 Florence Street
Palo Alto, CA 94301
TELEPHONE NO.: (650) 327-9800     FAX NO.: (650) 618-1863
ATTORNEYS FOR: Plaintiff, Swipe and Bite, Inc.

FOR COURT USE ONLY

ENDORSED

2015 JUL 20  A 10: 46

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____ Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA

Plaintiff/Petitioner: Swipe and Bite, Inc.
                      V.
Defendant/Respondent: William Chow and Christopher Trinh

CASE NUMBER:
Case No. 1-15-CV-282804

### DECLARATION OF SERVICE

AT THE TIME OF SERVICE, I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

NOTICE OF ENTRY OF JUDGEMENT OR ORDER
TEMPORARY RESTRAINING ORDER; ORDER FOR EXPEDITED DISCOVERY;
ORDER TO SHOW CAUSE AND TURN OVER ORDER
CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET; CIVIL CASE COVER SHEET; COMPLAINT;
SUMMONS; DECLARATION OF CHRISTOPHER SARGENT IN SUPPORT OF EX PARTE APPLICATION
FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, TURNOVER ORDER, AND ORDER
FOR EXPEDITED DISCOVERY; DECLARATION OF GILDA HUTCHISON; DECLARATION OF JING WANG;
PLAINTIFF SWIPE & BITE, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER, (2) ORDER GRANTING EXPEDITED
DISCOVERY, (3) ORDER TO SHOW CAUSE, AND (4) TURNOVER NOTICE; NOTICE OF EX PARTE
APLLICATION FOR (1) TEMPORARY RESTRAINING ORDER (2) ORDER GRANTING EXPEDITED DISCOVERY,
(3) ORDER TO SHOW CAUSE, AND (4) TURNOVER ORDER; [PROPOSED] TEMPORARY RESTRAINING ORDER;
ORDER FOR EXPEDITED DISCOVERY; ORDER TO SHOW CAUSE AND TURN OVER ORDER;
RE-NOTICE OF EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER (2) ORDER GRANTING
EXPEDITED DISCOVERY, (3) ORDER TO SHOW CAUSE, AND (4) TURNOVER ORDER;
DECLARATION OF JACK RUSSO; DECLARATION CHRIS HUTCHISON; PROOF OF SERVICE

ON: Christopher Trinh
AT: 2707 Glen Loman Way, San Jose, CA 95148

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH:

G. Trinh, Authorized to Accept Service on Behalf of Christopher Trinh

ON: July 13th, 2015 at 3:23pm

Server Name: Rudy De Dios
County: N/A
Registration Number: N/A
Careful Attorney Service
122 9th Street
San Francisco, CA 94103
(415) 864-8014

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in this Declaration of Service is true and correct , and that this Declaration was executed on  July 13th, 2015 in San Francisco, CA.

Signature: _____ # 948

Rudy De Dios

DECLARATION OF SERVICE