1  Jack Russo (Cal. Bar No. 96068)
   Christopher Sargent (Cal. Bar No. 246285)
2  COMPUTERLAW GROUP LLP
   401 Florence Street
3  Palo Alto, CA 94301
   (650) 327-9800
4  (650) 618-1863 fax
   jrusso@computerlaw.com
5  csargent@computerlaw.com

6  Attorneys for Plaintiff
   SWIPE & BITE, INC.

7

8

9            UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO DIVISION

12

13  Swipe & Bite, Inc.,              N.D. Cal. Case No. 3:15-cv-03997-JST

14              Plaintiff            PLAINTIFF'S NOTICE OF MOTION AND
                                     MOTION TO REMAND TO STATE COURT
15      v.                           AFTER DEFECTIVE REMOVAL IN VIOLATION
                                     OF 28 U.S.C. §§ 1446, 1447 AND FOR
16  William Chow, an individual; Christopher    SANCTIONS UNDER 28 U.S.C. § 1447
    Trinh, an individual; Shuk Chow, an
17  individual, Alice Chow, an individual, and   Date: November 19, 2015
    Does 1–25, inclusive,            Time: 2:00 p.m.
18                                   Courtroom: 9, 19th Floor
                Defendants.          Before the Hon. Jon S. Tigar
19

20

21

22

23

24

25

26

27

28

Computerlaw Group LLP
www.computerlaw.com℠

## NOTICE OF MOTION AND MOTION TO REMAND

PLEASE TAKE NOTICE that on November 19, 2015 at 2:00 p.m. in Courtroom 5 before the Honorable Jon S. Tigar, Plaintiff Swipe & Bite Inc. will and hereby does move for an order under 28 U.S.C. § 1447(c) remanding the above-entitled cause from the United States District Court in and for the Northern District of California San Francisco Division to the Superior Court of the State of California, County of Santa Clara ("Santa Clara Superior Court"), from which it was removed by Defendant William Chow's by Notice of Removal ("Removal Notice") filed by Defendant William Chow. No. 3:15-cv- 03997-JST (N.D. Cal. Sep. 1, 2015), ECF No. 1-1. Plaintiff further moves for sanctions pursuant to 28 U.S.C. §1447(c).

This Motion to Remand ("Motion") is based on the statutory grounds that the Removal Notice is procedurally defective under the unanimity rule, because no other Defendant joined and this defect has persisted without explanation, to the prejudice of Swipe & Bite, and on the statutory grounds that this Court lacks the federal question jurisdiction argued by Chow, because there is no copyright preemption or Federal question pertaining to the state law claims in either the Complaint or First Amended Complaint at issue filed with the Santa Clara Superior Court.

This Motion is further based on the Memorandum of Points and Authorities, the concurrently filed Declaration of Jack Russo ("Russo Decl."), on all other papers filed and served in this action, and such other matters that may be considered by the Court.

Respectfully submitted,
COMPUTERLAW GROUP LLP

Dated: October 1, 2015           By:      /s/ Jack Russo
                                          Jack Russo
                                          Christopher Sargent

                                 Attorneys for Plaintiff
                                 SWIPE & BITE, INC.

Computerlaw Group LLP
www.computerlaw.com℠

1

## TABLE OF CONTENTS

2  Notice of Motion and Motion to Remand ............................................................ i

3  Table of Contents ............................................................................................. ii

4  Table of Authorities ......................................................................................... iii

5  Statement of Issues to be Decided ..................................................................... 1

6  Introduction ....................................................................................................... 1

7  Factual Statement .............................................................................................. 2

8  Procedural History ............................................................................................. 5

9  Argument ........................................................................................................... 7

10  I.   Failure to Join All Parties is a Fatal Defect Requiring Remand. ............................ 8

11     A.  The Removal Notice Failed to Obtain Trinh's Consent to Removal  Or Offer Any

12        Explanation for Failing to Follow the Unanimity Rule. .................................... 8

13     B.  The Court Must Refuse to Permit Amendment Because Swipe & Bite Is and Has Been

14        Prejudiced, the Defect in Form Has Persisted without Explanation. ................. 9

15  II.  In all Events, the Court does not have Subject Matter Jurisdiction. ..................... 10

16     A.  Chow Mischaracterizes the Complaint. ...................................................... 10

17     B.  No Federal Question Jurisdiction Arises from Affirmative Defenses. ............. 11

18     C.  No Federal Question Jurisdiction Arises from Chow's Counterclaim. ............. 14

19  Conclusion ...................................................................................................... 14

20

21

22

23

24

25

26

27

28

Computerlaw Group LLP
www.computerlaw.com℠

1

**TABLE OF AUTHORITIES**

2

**CASES**

3 *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) .................................8

4 *Carpenters S. Cal. Admin. Corp. v Majestic Housing,* 743 F.2d 1341 (9th Cir 1984) ...............14

5 *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998)..................................10

6 *Clifton v. Cytodyne Tech., Inc.*, 2002 U.S. Dist. LEXIS 9501 (N.D. Cal. April 16, 2002) ..........10

7 *Community Bldg. Co. v. Maryland Cas. Co.*, 270 U.S. 652 (1926)................................................8

8 *Community Bldg. Co. v. Maryland Cas. Co.*, 8 F.2d 678 (9th Cir. 1926) ......................................8

9 *Cordero v. McGonigle*, 2013 U.S. Dist. LEXIS 182243 (C.D. Cal. Jan. 3, 2013) .......... 11, 12, 13

10 *Gaus v. Mile*s, 980 F.2d 564 (9th Cir. 1992).........................................................................7, 10

11 *JustMed, Inc. v. Byce*, 600 F.3d 118 (9th Cir. 2010) ................................................................11

12 *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866 (N.D. Cal. 1992)............................9

13 *Kokkonen v Guardian Life Ins Co.*, 511 U.S. (1994) .................................................................7

14 *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ............................................................14

15 *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261 (9th Cir. 1999) ........................................8

16 *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996) .........................................................10

17 *Taylor v Anderson*, 234 U.S. 74 (1914)....................................................................................14

18

19 **STATUTES**

20 28 U.S.C. § 1446(a) .....................................................................................................................7

21 28 U.S.C. § 1446(b) .....................................................................................................................1

22 28 U.S.C. § 1447(c) ...................................................................................................................i, 7

23

24

25

26

27

28

**Computerlaw Group LLP**
www.computerlaw.com℠

1                  **STATEMENT OF ISSUES TO BE DECIDED**

2          Must this case be remanded because regardless of the clear lack of federal jurisdiction,

3 there is a fatal defect in the non-joinder of all defendants as required under 28 U.S.C. § 1446(b)?

4          Must this case, in any event, be remanded because there is no federal question subject

5 matter jurisdiction over Swipe & Bite's claims which arise entirely under state law?

6          Must this case be remanded, in all events, because even Chow's affirmative defenses and

7 counterclaim do not create federal question subject matter jurisdiction and there is absolutely no

8 diversity jurisdiction in this case?

9                          **INTRODUCTION**

10          The removal in this case on the eve of a pending preliminary injunction motion filed in

11 state court (after a TRO was granted as against one defendant and protective stipulations were

12 reached with another) is a clear example of what 28 U.S.C. § 1927 seeks to absolutely bar.  This

13 case must be remanded because the Complaint sets forth a straight-forward state (not federal)

14 law trade secret misappropriation, breach of loyalty and breach of contract case.  Thus, this

15 business torts dispute is governed exclusively by California state law governing the email

16 confirmed contracts, e-signed and oral agreements, and other course of dealing memorialized in

17 contemporaneous emails, and governing state law principles of fiduciary duty, business

18 formation, business (LLC and corporate) partnerships, promoters, agents,  and duties of loyalty,

19 truthfulness and honesty and good faith by, between and among cofounders -- not as any form of

20 question or issue of copyright "work for hire" (either as employee or independent contractor or

21 supplementary work provisions) or joint work.  Plaintiff alleges that Defendants, and each of

22 them, separately and collectively, in violation of California (state) trade secrets law and the

23 parties' agreements, have violated fiduciary duties, misappropriated confidential information and

24 stolen Plaintiffs' trade secrets, which Plaintiffs took years to develop, to create Swipe & Bite's,

25 Inc. mobile application and website.   No copyright is asserted; no infringement claim is made.

26          <u>**First**</u>, the Removal Notice was fatally defective by not being joined by any other

27 Defendant, with no explanation offered, and no attempt to rectify the statutory defect.  The Court

28

Computerlaw Group LLP
www.computerlaw.com℠

1   should exercise its discretion to remand under the strict unanimity rule and presumption against

2   removal.

3        **Second**, Swipe & Bite does not assert any violation of federal law, and certainly does

4   not allege any copyright infringement. Given the well-pleaded complaint rule, which recognizes

5   that the Plaintiff is the master to decide which law he will rely upon for his claims, this Court

6   should respect Swipe & Bite's decision to rely strictly on state law claims to obtain redress.  Any

7   other approach opens the Federal Courts to accepting just about every state law business tort

8   case.

9        **Third**, all the foregoing argues for remand because as the Ninth (and other) Circuits

10   have repeatedly held, there is a strong presumption against removal, and the case law finding no

11   copyright preemption for the state law claims asserted here. This case fully belongs in state court

12   and it should be promptly remanded and sanctions in the form of reasonable attorney's fees and

13   costs should be assessed against Defendant Chow for unnecessarily multiplying proceedings in

14   violation of 28 U.S.C. § 1927.  Chow, as a California licensed attorney, knows  better and he

15   simply made all these added cycles happen as a way to avoid deposition and other pre-hearing

16   discovery from occurring and so that he could (and did) derail the state court schedule.  This type

17   of abuse should not go without consequence and attorney's fees and costs of at least $15,000

18   should be awarded to Plaintiff to reimburse the added fees and expenses of this motion.

19                    **FACTUAL STATEMENT**

20       1.    Swipe & Bite is a California corporation with its principal place of business in

21   San Jose, California and with a growing Internet web presence at www.swipeandbite.com. FAC,

22   ECF No. 1-2, at ¶13.

23       2.    Chris and Gilda Hutchison founded Swipe & Bite in 2014 and incorporated the

24   business in 2015, to develop and market a white-labeled mobile ordering and mobile payment

25   application. Swipe & Bite's innovative software-as-a-service ("SaaS") online and mobile

26   application geared towards universities. The mission of Swipe & Bite is to improve the standard

27   of living for busy college students by providing them with an application that allows them to

28   order and pick-up food with efficiency. FAC, at ¶14.

Computerlaw Group LLP
www.computerlaw.com℠

3.      Swipe & Bite has and had (prior to Defendants' actions related here), and it seeks the Court's help in recovering, active business partners, and customers and customer prospects recruited by Mr. Hutchison based on his many contacts and his business reputation developed from his career working with universities and other vendors to implement mobile solutions for food ordering and payment to campuses and other customer bases. FAC, at ¶15.

4.      Virtually all of Swipe & Bite's business operations are located in California—all of the corporation's voting stock is held by California residents. The Corporation conducts a majority of its business in California. All of the transactions with Defendants and each of them occurred fully in California and all the defendants (like Plaintiff) are in California.  Thus, there is no diversity in this case and this case is governed by California state law. FAC, at ¶16.

5.      In mid-2014, Mr. Hutchison began work on creating his mobile ordering application idea, and startup of the Company.  After confirming in email exchanges a commitment of confidentiality, Mr. Hutchison discussed his ideas with Chow, an attorney who had previously assisted Mr. Hutchison with various IP matters.  As a result of their discussions, Chow, as a licensed attorney in the state of California, promised that he would abide by the California Rules of Professional Conduct and the California Business & Professions Code in Chow's work for the Company as its CTO (a title and role Chow himself insisted upon) and General Counsel.  At no time did Chow ever say or suggest that he would not do so. FAC, at ¶17.

6.      Neither Chris Hutchison, nor Gilda Hutchison, are attorneys.  To save money and because Chow said that he would handle post-incorporation legal matters, Swipe & Bite was formed using LegalZoom.  No outside legal counsel was hired to form Swipe & Bite.  Chris and Gilda Hutchison relied on William Chow, as an attorney, to honor the "sweat equity" vesting agreement reached, and  that all of Chow's work as partner with a sweat equity agreement was for the benefit of Swipe & Bite and transferred to Swipe & Bite by operation of California state law governing the partially written and partially oral agreement, memorialized further in various contemporaneous emails, and governing partnerships, promoters, agents, fiduciaries and cofounders, not as a question of employment, work for hire (either as employee or independent contractor or supplementary work provisions) or joint work.  FAC, at ¶18.

Computerlaw Group LLP
www.computerlaw.com℠

Computerlaw Group LLP
www.computerlaw.com℠

7.     Chow never complained about the agreement that was reached.  Chow represented to the Hutchisons and to others that he was General Counsel for the Company and this was part of his "sweat equity" deal.  Evidencing this is an email from William Chow to Su (Susie) Szufan, dated May 2, 2015, subject "Re: Visa-Ecomm Merchant Guide.pdf" in which Chow wrote, "Hi Susan, As corporate counsel I will be handling any legal details going forward."  Chow signed the email, "William Chow, Corporate Counsel.  FAC, at ¶19.

8.     Chow told S&B that he (Chow) was working full-time for Visa International, but that his position allowed him to "moonlight" for S&B, during evenings and on weekends, both as an attorney and as a computer programmer.  He acknowledged that he had no conflicts of interest in becoming an employee, an officer, and counsel for the Company. FAC, at ¶20.

9.     In June 2014, Chow began and other than his roles as officer and counsel for S&B, his primary development role on the technology and product was to help develop the company website and applications for business.  FAC, at ¶21.

10.     In 2015, Trinh joined S&B (through Chow) as a software engineer.  Introduced by Chow, Trinh was brought in to program the payment gateways in order to use (the pre-selected by Chris Hutchison) third-party Heartland payment system personally and individually selected by Mr. Hutchison.  S&B and Trinh's partially oral and partially written agreement was that Trinh would earn an option for up to a 1% stake, vesting over four years, in exchange for his "moonlighting" work for S&B —with deliverable commitments proportional to the option for up to a 1% stake earned though "sweat equity" and actual deliverables over the planned four year period. S&B and Trinh agreed that Trinh would be offered the opportunity for a larger role in S&B as it grew depending on investments obtained from outside investors. FAC, at ¶23.

11.     Throughout early 2015, S&B had established key business relationships with key customers and was in the process of closing license agreements with some of these major customers across the United States.  It had upcoming product delivery dates in July and August 2015. S&B generated substantial goodwill with its customers and with prospective customers, built upon Mr. Hutchison's personal reputation, and reliant upon S&B's ability to meet product delivery deadlines. FAC, at ¶22.

12.     Beginning in June of 2015, Defendants crippled the Company, interfering with the Company's contracts and prospective economic advantages, and stealing the Company's corporate opportunities.  On June 30, 2015, Defendants removed code from the "Swipeandbite" server and from its GitHub repository, which had all source code, comments, specifications, and all design and development work in progress on the website and mobile application.  They refused to cooperate with the Company when it demanded that they restore the Company's access, or assist the Company in recovering and resuming work.  FAC, at ¶25.

13.     Their hidden plan – that has only become obvious now --  included cutting of access to servers, websites, and various confidential and trade secret files on the server and repository, so that another developer, Brian Campisi who had his own agreement with the Company could not continue work to meet those the deadlines and deliverable obligations to customers and customer prospects. FAC, at ¶¶27–28.

14.     Defendants chose a time when the target of this conduct, the Company, was financially vulnerable, exacerbating the economic and other harm. Cal. Civ. Code § 3294 (2015). S&B missed agreed-upon launch deadlines in July 2015 and delivery dates in June and July for its university customers were also missed as well.  Thus, the August 2015 dates were missed as well and all further agreed dates in 2015 are all jeopardized as well.  S&B has been forced to notify these partners and customers that it is dealing with a disruption, and that until this situation is resolved, it cannot continue or deliver as promised.

15.     The Company stands to lose, as a result of the disruption, and the missed deadlines and delivery dates, vendor prospects representing over 450 storefronts and the 640 campuses in a tight-knit university community, thereby causing irreparable injury and substantial monetary damages to the Company, to its business, and to its business goodwill. FAC, at ¶32.

## PROCEDURAL HISTORY

16.     Swipe & Bite filed its Complaint in the First State Court Action on July 8, 2015.  Not. Removal, 5:15-cv-03513-NC, Ex. A (N.D. Cal. Jul. 30, 2015), ECF No. 1-1.  Swipe & Bite served Defendant Chow on July 8, 2015 and served Defendant Trinh on July 9, 2015.

Computerlaw Group LLP
www.computerlaw.com℠

Computerlaw Group LLP
www.computerlaw.com℠

17.     On emergency *ex parte* application, the Superior Court granted a TRO, with expedited discovery requiring Trinh to turn over electronically stored information. FAC, ¶1.

18.     On the basis of Trinh's litigation misconduct, S&B also seeks recovery for Trinh's violation of the Superior Court's Orders. On July 10, 2015, the Court entered the Temporary Restraining Order ("Order") against Defendant Trinh in Case 1:15-cv-282804. FAC, ¶ 81, Ex. 4.

19.     Trinh was served with the Order in person on July 13, 2015 as shown by the Proof of Service filed with the court on July 20, 2014. FAC, ¶ 82, Ex. 5.  Before to producing his computer for imaging by the Forensic Expert, Defendant Trinh, violated the Order by wiping (permanently deleting) and otherwise destroying or attempting to destroy ESI and other evidence on the computer and by failing and refusing to turn over to Swipe & Bite the forensic image made by the Forensic Expert. FAC, ¶83. Further, in a breach of a written agreement, Defendants refuse to turn over the saved image files which have been made for the purpose of evidence. FAC, ¶1, Ex. 1.  There is no dispute about any of these facts; there is no dispute either that Chow avoided the TRO by agreeing to specific protective stipulations before Judge Huber in the Superior Court.

20.     Without any joinder of Trinh, Chow removed the First State Court Action on July 30, 2015.  5:15-cv-03513-NC (N.D. Cal. Jul. 30, 2015), ECF No. 1-1.  Countering the dilatory tactic, Swipe & Bite dismissed the First State Court Action without prejudice on July 31, 2015 and re-filed in state court with a pleading that made clear the entire lack of federal question subject matter jurisdiction and to avoid further delay.

21.     Swipe & Bite filed its Complaint in the Second State Court Action on July 31, 2015.  Not. Removal, 5:15-cv-03997, Ex. A (N.D. Cal. Sep. 1, 2015), ECF No. 1-1.  Swipe & Bite served Defendant Chow on <u>August 3, 2015</u> and served Defendant Trinh on <u>August 3, 2015</u>. Proofs of Service of Summons, No. 1-15:cv-283823 (Santa Clara Super. Ct.  Aug. 5, 2015).

22.     Swipe & Bite filed its Amended Complaint on August 25, 2015.  *Swipe & Bite, Inc. v. Chow, et al*., No. 1:15-cv-283823 (Santa Clara Super. Ct. Aug. 25, 2015), ECF No. 1-2.  ***Exhibit 1*** to the Russo Declaration shows that the allegations on which Chow bases his removal appeared in this Complaint, and were not the result of the First Amended Complaint.

1   Chow was served with the FAC on August 26, 2015. Russo. Decl, Ex. 2.  Trinh was served with

2   the FAC on September 1, 2015,  Russo. Decl., Exs. 3 and 4 .

3        23.    After amending to name two further defendants, Shuk Chow and Alice Chow,

4   Swipe & Bite personally served Defendant Shuk Chow on September 1, 2015 at 6:53 p.m. and

5   personally served Defendant Alice Chow on September 1, 2015 at 6:53 p.m.  Russo. Decl., Exs.

6   5 and 6.

7        24.    Again, without joining Trinh or any of the other co-defendants, Chow filed the

8   present Removal Notice on September 1, 2015. ECF No. 1.

9                                        **ARGUMENT**

10        It is axiomatic that federal courts are courts of  limited jurisdiction.  In particular, then,

11   removal jurisdiction from state court is strictly construed and is proper only if the court would

12   have had jurisdiction to hear the case had it originally been filed in federal court. *See Snow v*

13   *Ford Motor Co*., 561 F.2d 787, 789 (9th Cir 1977). The removing party must therefore establish

14   federal jurisdiction in the removal petition. *See* 28 U.S.C. § 1446(a). As the party asserting

15   federal jurisdiction, the removing party bears burden of establishing subject matter jurisdiction

16   and strict compliance with all requirements for removal; this court must, in effect, presume lack

17   of subject matter jurisdiction unless the removing party can prove otherwise and can prove strict

18   if not absolute compliance with all requirements for removal. *See Kokkonen v Guardian Life Ins*

19   *Co*., 511 U.S. 375, 377 (1994); *Stock West, Inc v Confederated Tribes*, 873 F.2d 1221, 1225 (9th

20   Cir 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal

21   in the first instance." *Gaus v Miles*, 980 F.2d 564, 566 (9th Cir 1992). These presumptions

22   against removal jurisdiction are rooted in the principles of comity and federalism. Federal courts

23   must be mindful of the fact that questions of state law are better left to state courts and that if the

24   Federal Court lacks jurisdiction then much time, effort and resource is entirely wasted in a case

25   that must then – perhaps even on appeal in the Ninth Circuit (or worse the Supreme Court) be

26   remanded to state court to start proceedings all over from the start.  The strict rules are meant to

27   avoid this.

28

Computerlaw Group LLP
www.computerlaw.com℠

**I.     FAILURE TO JOIN ALL PARTIES IS A FATAL DEFECT REQUIRING REMAND.**

A court may remand a case to state court upon a plaintiff's timely motion if a defendant's removal notice fails to satisfy the procedural mandates of Section 1446(b). *See* 28 U.S.C. § 1447(c).

**A.     The Removal Notice Failed to Obtain Trinh's Consent to Removal Or Offer Any Explanation for Failing to Follow the Unanimity Rule.**

In a multi-defendant case, all defendants other than nominal parties must join in a removal petition or file written consent to removal within the same thirty day period following service of the initial pleading. 28 U.S.C. § 1446(a)*; Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds, Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, as recognized in *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006).   The statutory mandate that all defendants timely consent to removal is the "unanimity rule." *Id.*

Because courts construe the removal statute strictly, the removing defendant has the burden of affirmatively explaining the absence of any co-defendants in a notice of removal. *Id*. It is not necessary for the removing defendant to obtain the written consent of another defendant who has not yet been served with process in the state action. *Community Bldg. Co. v. Maryland Cas. Co.*, 8 F.2d 678, 678–79 (9th Cir. 1926), *cert. denied*, 270 U.S. 652 (1926).

When Chow filed the Removal Notice on September 1, 2015, none of the other named Defendants filed a written joinder, within the statutorily prescribed period, or at all.  Yet, Swipe & Bite validly served Defendant Trinh with the Complaint on August 3, 2015, with the FAC on September 1, 2015, and Defendants Shuk Chow and Alice Chow on September 1, 2015.  Courts strictly construe the removal statute against removal jurisdiction.  Therefore, because none of the other Defendants timely joined, and have yet to join, in the Removal Notice, it failed to meet the procedural requirements of § 1446(b) and must be remanded.

The removing party has the burden to explain the absence of any co-defendants in the notice of removal.: "[A] notice of removal must affirmatively allege that a non-joining defendant either has not been served, or that another exception applies." *Id.*. Chow made no attempt to follow the strict unanimity rule.

Computerlaw Group LLP
www.computerlaw.com℠

**B.  The Court Must Refuse to Permit Amendment Because Swipe & Bite Is and Has Been Prejudiced, the Defect in Form Has Persisted without Explanation.**

This case warrants remand under the unanimity rule, because not only does the Removal Notice shirk the unanimity rule, but Swipe & Bite has been prejudiced by the uncertainty concerning in which forum the case would proceed.

*First*, Trinh's refusal to join the Removal Notice in either case demonstrates not only that Chow does not have the necessary consent of all Defendants to the removal, but also that Trinh, at least, is using the removal as a delay tactic for the procedural advantage it gave him and not because it is meritorious.   When Swipe & Bite filed the First State Court Action, it obtained a TRO against Defendant Trinh.  Chow filed a  Removal Notice in that First State Court Action, which was also procedurally defective under the unanimity rule.  Yet Trinh, who did not and has not joined the Removal Notices in either the First or Second State Court Action, has used the removal to refuse the expedited discovery and restraining requirements under the TRO.

*Second*, because the Removal Notice is based on arguments that appeared on the Complaint in the Second State Court Case, not the First Amended Complaint ("FAC"), this procedural deficiency has not been corrected since Trinh was served with the Second State Court Case. The removing party cannot make this error and expect to secure federal jurisdiction.

*Third*, where there are amended pleadings in a removed case, the time for removal is calculated from the date of service of the first pleading containing the alleged grounds for removal.  A redline comparison of the Second State Court Complaint and the FAC shows that the grounds Chow argues for subject matter jurisdiction are not sourced in amended allegations, but in the allegations of the Complaint.  Accordingly, Defendants have allowed the procedural deficiency to persist, exacerbating the prejudice to Swipe & Bite.

*Fourth*, though some defects in form of a removal petition are amendable (*Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 869 (N.D. Cal. 1992)), what happened in this case is inexcusable.  However, permitting amendment in this case is generally within the discretion of the Court, in this case, this Court can and should refuse to allow such amendment, because the thirty day window for any correction has closed long ago. *See Clifton v. Cytodyne*

Computerlaw Group LLP
www.computerlaw.com℠

Computerlaw Group LLP
www.computerlaw.com℠

1    *Tech., Inc.*, 2002 U.S. Dist. LEXIS 9501 (N.D. Cal. April 16, 2002) (case removed on April 16,

2    2002, order disallowing amendment of notice and remanding case entered May 15, 2002).

3         ***Fifth***, the strong presumption against removal also applies to the exercise of discretion to

4    permit amendment of removal notices, especially after the statutory 30-day deadline. *See Gaus v.*

5    *Mile*s, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any

6    doubt as to the right of removal in the first instance." *Id.* (*citing Libhart v. Santa Monica Dairy*

7    *Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Doubt arising from inartful, ambiguous, or

8    technically defective pleadings should be resolved in favor of remand." *Charlin v. Allstate Ins.*

9    *Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998) (citation omitted).

10         In summary, considering the strong presumption against removal, the prohibition on

11    alleging new grounds for removal in untimely removal petitions, and the narrow circumstances

12    in which amended removal notices may be entertained, the Court should exercise its discretion

13    and decline to allow amendment or consider any explanation Defendants may now proffer for

14    not joining defendants.

15    **II.**       **IN ALL EVENTS, THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION.**

16         Settled and controlling law forecloses the removal of Swipe & Bite's well-pleaded state

17    law complaint to federal court, on federal question subject-matter jurisdiction.

18         **A.**     **Chow Mischaracterizes the Complaint.**

19         Chow argues that this is a copyright "work-for-hire" case that belongs in federal court.

20    Removal Notice, ¶¶17–20. This is a mischaracterization of the pleadings. *Rains v. Criterion Sys.,*

21    *Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (defendants cannot "rewrite a plaintiff's properly pleaded

22    claim in order to remove it to federal court"). The Complaint and FAC do not assert any violation

23    of any federal law, and certainly contains no allegations that invoke federal law.  FAC, ¶¶3, 12.

24    Defendants cite to a few references to ownership to argue that this is a copyright case. Removal

25    Notice, ¶¶ 17–20. However, Swipe & Bite's ownership rights arise from partially oral and

26    partially written contracts with Chow and Trinh.  FAC, ¶¶23.

27         State law applying to contracts control the issue of ownership, and do not  require the

28    application or interpretation of federal law.  This is fundamental and established.

> The Ninth Circuit has held that if ***the only copyright claim in a complaint is a request for a declaration of ownership***, the action will generally not arise under the Copyright Act. *See Topolos v. Caldewey*, 698 F.2d 991, 994 (9th Cir. 1983) ("[W]hen [copyright] ownership is the sole question for consideration . . . federal courts [are] without jurisdiction."). Rather, to arise under the Copyright Act, the request for a declaration of ownership ***must be sought in conjunction with an action seeking a remedy under the Copyright Act***, such as a claim for infringement, or ***alternatively the ownership issue must require application of the work-for-hire doctrine***. *See Topolos*, 698 F.2d at 993.

*Cordero v. McGonigle*, 2013 U.S. Dist. LEXIS 182243, at *6 (C.D. Cal. Jan. 3, 2013) [Emphasis added]. Swipe & Bite has not sought any remedy or asserted a claim which requires application or interpretation of federal copyright law, and the ownership issue revolves around state contract law and partnership principles, not any application of the work-for-hire doctrine.

## B. No Federal Question Jurisdiction Arises from Affirmative Defenses.

Chow contemplates an affirmative defense to Swipe & Bite's complaint under the "work-for-hire" copyright law doctrine. Not. Removal, ¶¶ 15–21. Federal jurisdiction does not arise where the federal question is asserted as a defense to a well-pleaded state law complaint. *Cordero v. McGonigle* makes clear the impropriety of any removal by Chow to federal court, notwithstanding the *JustMed, Inc. v. Byce* decision, because,

> [u]nlike in *JustMed*, here the application of the work-for-hire doctrine would be as a defense. And as the court in JustMed noted, the T.B. Harms test is "essentially a reiteration of the 'well-pleaded complaint' rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint."

*Cordero*, 2013 U.S. Dist. LEXIS at *5–6 (C.D. Cal. Jan. 3, 2013) (*quoting JustMed, Inc. v. Byce*, 600 F.3d 118, 1124 (9th Cir. 2010)). The Cordero court recited:

> This case is about whether plaintiff Roberto Cordero entered into a contract with Defendants to obtain a one-third ownership interest in defendant Med Informatix, Inc. Cordero contends that he entered into such an agreement with Defendants, and that he acquired a one-third ownership interest in consideration for the transfer of software he had developed. Cordero also asserts that Defendants breached this agreement, depriving Cordero of his expected ownership interest.

*Id*. at *1. The *Cordero* court determined there was no federal jurisdiction because "the work-for-hire doctrine does not need to be applied."

> This is not a case where the plaintiff has pled that he is the owner of a copyright because of the work-for-hire doctrine. Rather, Cordero's complaint only states that he was the author of the MPM and EHR software at issue. As noted above, under the Copyright Act ownership of a work vests initially in the author of the work. 17 U.S.C. § 201(a). Thus, assuming there was no contract transferring Cordero's interest in the software to Defendants in consideration for an ownership

Computerlaw Group LLP
www.computerlaw.com℠

Computerlaw Group LLP
www.computerlaw.com℠

interest in Med Informatix, Inc., the software is Cordero's **unless the Defendants assert a separate defense to his ownership.**

*Cordero*, 2013 U.S. Dist. LEXIS at *9–10 [Emphasis added] .   Those distinguishing facts exist in this dispute, and require application of the same rule.

**<u>First</u>**, Swipe & Bite is the owner of the Mobile App. Specifications and System, as a result of the transfer of ownership and interest in the idea and original works for the mobile application to the Company by their author, Chris Hutchison.  FAC, 1:19–21, 2:10–16, 4:26–5:2.

**<u>Second</u>**, Chow's agreement with the Company as to any work he did was partially written (documented in email exchanges) and partially oral, and affirmed by admissions in his declarations under oath that he made the "sweat equity" deal. He also admits that any coding he did was "for Swipe & Bite." *See* W. Chow Decl. in Resp. to R. Hurt Decl., No. 1:15-cv-282804, at 2:5 (Santa Clara Super. Ct. Jul. 24, 2015).  This is, therefore, not at all an ownership contest.

**<u>Third</u>**, Trinh's Declaration also admits the Company's ownership. "Mr. Chow finally disclosed to me that he was 'CTO' (Chief Technical Officer) and lead developer for a company named Swipe & Bite."  C. Trinh Decl., 2:13–15 (Santa Clara Super. Ct. Jul. 20, 2015).  Further, Trinh admits his sweat equity deal, "we orally agreed on four (4) percent equity with a vestment period of four (4) years with renegotiations after a performance review." *Id*. at 2:24–25 [emphasis in original].  By Trinh's own admissions, just as alleged in the Second State Court Action:

> My assignments thereafter were to do the following: create a multi-tenant application and integrate a payment system of Mr. Chow's or Mr. Hutchison's choice. . . .
>
> My role in Swipe & Bite has been extremely limited.  I contributed approximately 40 hours of development time into the project.  Mr. Hutchison made major decisions in regards to the business. . . .
>
> **I have never been nor will I ever be an employee of Swipe & Bite**.  My relationship with Mr. Hutchison or Swipe & Bite was as a prospective partner.  I never signed an employment agreement nor agreed to one. . . .
>
> In my capacity as part-time software engineer, my only contributions were to work with Mr. Chow and Mr. Hutchison on the code bank.

Trinh Decl., at 3:12–13; 5:3–5, 5:8–10 [emphasis in original].  Though there are truly none (and certainly none on the face of the Complaint), to the extent there could be any question of

1  ownership raised by any of the state court pleadings, that question may be settled without resort

2  to the work-for-hire analysis, and any "work-for-hire" arguments arise solely as affirmative

3  defense and they are entirely inconsistent with the other admissions already made by Defendants.

4      **_Fourth_**, the *Cordero* court considered a claim by defendants based on work-for-hire

5  doctrine and upon which federal copyright jurisdiction may lie, but, again, no jurisdiction arose:

6
7
8
9
10
11
12
13
> The Defendants may claim that Med Informatix owns the software, even if there
> was no contract between the parties, based on the work-for-hire doctrine if
> Defendants contend that Cordero produced portions of the software while he was
> an employee of Med Informatix. However, unlike in JustMed, here the application
> of the work-for-hire doctrine would be as a defense. ***And as the court in JustMed
> noted, the T.B. Harms test is "essentially a reiteration of the 'well-pleaded
> complaint' rule that federal jurisdiction exists only when a federal question <u>is</u>
> presented on the face of a properly pleaded complaint." Id. at 1124; see also
> Pena v. Downey Sav. and Loan Ass'n, 929 F. Supp. 1308, 1312 (C.D. Cal.
> 1996) ("case may not be removed on the basis of a federal defense even <u>if the
> defense is anticipated in the complaint . . . ." (citing Caterpillar, Inc. v.
> Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). Thus,
> the wo<u>rk-for-hire doctrine does not need to be applied to Cordero's ownership
> claim</u>***.

14  *Cordero*, 2013 U.S. Dist. LEXIS at *10–11 (emphasis added) .

15      **_Finally_**, even if there was some potential for copyright jurisprudence to come into this

16  fundamentally state law case (and again there are none on the face of the well-pleaded complaint

17  which is the applicable test here), the predominant if not controlling aspect of the well-pleaded

18  claims alleged here do not at all relate to copyright at all and those must be allowed to go

19  forward in state court which has jurisdiction where this Court does not.  These claims are based

20  upon violations of corporate and professional legal fiduciary duties under state law, and the

21  disruption of business operations and interference with the company's relationships and contracts

22  with third parties that resulted from Defendants actions, irrespective of any conflicting claims of

23  ownership. *See, e.g.*, FAC, at 5:12–26, 7:27–8:7 8:25–10:1, 11:20–12:7,  19:69–18.

24      Any other approach will literally open up the Federal Court to just about every state court

25  business tort case where a defendant (or defendants if all properly joined) simply seeks to disrupt

26  proceedings.  That is precisely what has occurred here; indeed, here, any possible application of

27  copyright law (and there is none) would be entirely as an affirmative defense and therefore

28  cannot confer jurisdiction and certainly cannot preempt Swipe & Bite's well-pled claims.

Computerlaw Group LLP
www.computerlaw.com℠

Computerlaw Group LLP
www.computerlaw.com℠

### C.     <u>No Federal Question Jurisdiction Arises from Chow's Counterclaim.</u>

Chow also cannot claim the Court has federal question jurisdiction over this case because of the counterclaim he has asserted against Christopher Hutchison and Swipe & Bite.  Under the "well-pleaded complaint" rule, federal question jurisdiction generally exists only if the plaintiff has pled a federal cause of action. *See Taylor v Anderson*, 234 U.S. 74, 75 (1914); *Carpenters S. Cal. Admin. Corp. v Majestic Housing,* 743 F.2d 1341, 1344 (9th Cir 1984). In determining whether federal question jurisdiction exists, the Court must limit its inquiry to the face of the complaint. Just as anticipated federal defenses such as pre-emption are not sufficient to establish federal jurisdiction, federal question does not exist if the plaintiff has plead state law causes of action but the defendant has filed counterclaims based in federal law.  *See Takeda v Northwestern Nat'l Life Ins. C.o*, 765 F.2d 815, 822 (9th Cir 1985).  Any federal nature to Chow's counterclaim is insufficient to establish removal jurisdiction. *See Takeda*, 765 F.2d at 822.

### <span style="font-variant:small-caps">Conclusion</span>

Chow's Removal Notice is rife with statutory defects.  It was done the wrong way and for the wrong reasons.  It was joined by none of the other Defendants, least of all Trinh who has used the maneuver to flout the Superior Court's TRO.  No explanation was offered by Chow, who has the burden of establishing jurisdiction.  The defect in the form of the removal requires remand.  The conduct in multiplying proceedings justifies an award of fees and costs to Plaintiff in an amount which is reasonable and in this case that amount is at least $15,000.  Declaration of Jack Russo at Paragraph 8.  28 U.S.C. § 1927; 28 U.S.C. § 1447(c);  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Chow is an attorney; he knew his conduct would add unnecessary proceedings.  He knew it would cause delay.  He knew it would cause added expense.  He knew too – or he should have known, that he does not even come close to meeting the burden of establishing federal question subject matter jurisdiction, because his argument requires rewriting Swipe & Bite's well-pleaded state law claims, or accepting jurisdiction – where there is none -- on the basis of his affirmative defenses and counterclaim.  But, none of this is a basis for federal jurisdiction, and therefore, this motion to remand should be granted and sanctions should be awarded against Defendant Chow.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Computerlaw Group LLP
www.computerlaw.com℠

Respectfully submitted,
COMPUTERLAW GROUP LLP

Dated: October 1, 2015          By:        */s/ Jack Russo*
                                          Jack Russo
                                          Christopher Sargent

                              Attorneys for Plaintiff
                              SWIPE & BITE, INC.