UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIPE & BITE, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM CHOW, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03997-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING IN PART AND DENYING IN PART DEFENDANT TRINH'S MOTION TO DISMISS**<br><br>Re: ECF Nos. 14, 16 |

Before the Court is Plaintiff Swipe & Bite, Inc.'s motion to remand and Defendant Christopher Trinh's motion to dismiss. For the reasons set forth below, the motion to remand is denied and the motion to dismiss is granted in part and denied in part.

I. **PLAINTIFF'S MOTION TO REMAND**

　A. **Background**[1]

This is a business tort dispute between Plaintiff Swipe & Bite, Inc. and Defendants William Chow ("Mr. Chow"), Christopher Trinh ("Mr. Trinh"), Shuk Chow, and Alice Chow that Mr. Chow removed to this Court on September 1, 2015. ECF No. 1. Swipe & Bite alleges nine causes of action: breach of fiduciary duty, aiding and abetting breach of fiduciary duty, intentional and tortious interference with contract, intentional and tortious interference with prospective advantage, conspiracy, violation of court order, and declaratory relief. See ECF No. 1-2, Ex. B, First Amended Complaint ("FAC"). Swipe & Bite specifically disclaims an allegation of copyright infringement. Id. ¶ 12.

Swipe & Bite, Inc. is a California corporation that is developing an online and mobile

---

[1] For purposes of deciding Plaintiff's motion to remand, the Court accepts the allegations of the complaint as true. City of Ann Arbor Employees' Ret. Sys. v. Gecht, No. C-06-7453EMC, 2007 WL 760568, at *6 (N.D. Cal. Mar. 9, 2007).

payment application for ordering food.  Id. ¶ 14.  Chris and Gilda Hutchinson founded Swipe & Bite in 2014.  Id.  Mr. Hutchinson knew Mr. Chow from prior intellectual property work Mr. Chow had done for Mr. Hutchinson.  Id. ¶ 17.  In mid-2014, Mr. Hutchinson contacted Mr. Chow to discuss his ideas, and they agreed that Mr. Chow would complete some programming, coding, and legal work for Swipe & Bite in exchange for equity in the company.  Id. ¶¶ 18–22.  Swipe & Bite alleges that Mr. Chow agreed to "help code the [company] website" for a "potential total stake in the Company . . . of up to 25% based on 'sweat equity' vesting over four years."  Id. ¶ 22.  This agreement was made verbally and confirmed in writing.  Id.

In February of 2015, Mr. Chow introduced Mr. Hutchinson to Mr. Trinh.  Id. ¶ 23.  Mr. Trinh wrote code for Swipe & Bite as a software engineer in exchange for equity in the company.  Id.  Mr. Trinh was to receive "an option for up to 1% stake in the Company, vesting over four years."  Id.  This agreement was partially oral and partially written.  Id.  Swipe & Bite alleges that IP rights transferred from Mr. Chow and Mr. Trinh to Swipe & Bite "under the operation of California law governing partnerships, promoters, agents, fiduciaries and cofounders, not as a question of employment, not work for hire . . . and not joint work."  Id. ¶ 12.

Swipe & Bite established several business relationships with customers throughout early 2015, resulting in product delivery dates in the summer of 2015, and Mr. Chow and Mr. Trinh were aware of these customers and product delivery dates.  Id. ¶ 24.  Swipe & Bite also cultivated relationships with prospective customers who expressed interest in the product, and Mr. Chow and Mr. Trinh were aware of these relationships as well.  Id.

Swipe & Bite accuses Mr. Chow and Mr. Trinh of taking source code and cutting off Swipe & Bite's access to company property, such as its server and other computer resources, in June of 2015.  Id. ¶¶ 25–28.  Mr. Chow and Mr. Trinh prevented another software engineer for Swipe & Bite, Brian Campisi, from completing his deadlines and obligations.  Id.  ¶ 26–27.  Further, Mr. Chow and Mr. Trinh refused to restore the computer files to Swipe & Bite.  See e.g., id. ¶¶ 39, 48, 59.  As a result, Swipe & Bite lost significant business because it was unable to meet its product delivery dates.  Id. ¶ 32.  Swipe & Bite alleges that this "shut down" was part of a plan by Mr. Chow and Mr. Trinh to "cripple" Swipe & Bite by interfering with the company's

1  contracts.  Id.  ¶¶ 25, 30.

2          On July 8, 2015, Swipe & Bite filed an action in the Superior Court of the State of
3  California, County of Santa Clara.  ECF No. 1-1, Ex. A.  On July 10, 2015, the court issued a
4  Temporary Restraining Order ("TRO") against Mr. Trinh.  See ECF No. 1-2, Ex. B, Ex. 4.  The
5  TRO expired and no preliminary injunction was issued.  ECF No. 14 at 4.  Defendants removed
6  the case to federal court on July 30, 2015.  ECF No. 18 at 5–6.  Swipe & Bite voluntarily
7  dismissed the complaint and filed a new state court case the next day.  Id.  On August 24, 2015,
8  Swipe & Bite filed the FAC.  ECF No. 1-2, Ex. B.  On September 1, 2015, Mr. Chow again
9  removed the case to federal court.  ECF No. 1.  The Notice of Removal argues that this Court has
10 jurisdiction because allegations in the FAC present a federal question under the Copyright Act.  Id.
11 at 2.

12         On October 1, 2015, Swipe & Bite filed the present motion to remand the case to the
13 Superior Court of the State of California, County of Santa Clara.  ECF No. 16.  Swipe & Bite
14 argues that because it asserts only state law claims for relief, the Court should remand the case.
15 Mr. Chow and Mr. Trinh oppose the motion to remand.  ECF Nos. 18, 19.

16      **B.**      **Legal Standard**

17         Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction
18 unless authorized by the Constitution and by statute.  Kokkonen v. Guardian Life Ins. Co. of Am.,
19 511 U.S. 375, 377 (1994).  Federal courts have original jurisdiction over "all civil actions arising
20 under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil
21 actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between
22 citizens of different states," 28 U.S.C. § 1332(a).  The removal statute permits a state court action
23 be removed to federal court if the case presents a federal question under section 1331 or if the case
24 is diverse under section 1332(a).  28 U.S.C. § 1441.  The defendant has the burden of establishing
25 that removal is proper.  Parking Concepts, Inc. v. RSUI Group, Inc., 2009 WL 2973118, at *2
26 (C.D. Cal. Sept. 11, 2009).  A federal court "may remand a matter for lack of subject matter
27 jurisdiction or for a defect in the removal procedure."  Calicraft Distribs., LLC v. Castro, No. CV
28 15–01041 BRO (AJW), 2015 WL 1789014, at *3 (C.D. Cal. Apr. 17, 2015).

**C.     Discussion**

Swipe & Bite argues that the Court should remand this case because the Court does not have subject matter jurisdiction.[2]  ECF No. 16.  Swipe & Bite's FAC does not bring a claim for copyright infringement or otherwise seek relief under the Copyright Act.  Defendants nevertheless assert that this case arises under the Copyright Act because Swipe & Bite's state law claims require it to show an ownership interest in the copyright for the source code, a showing which Defendants believe requires the application of the work-for-hire doctrine.  See ECF Nos. 18, 19

**1.     Subject Matter Jurisdiction**

When removal to federal court is based on federal subject matter jurisdiction, "the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law."  Ireland v. Centralbanc Mortg. Corp., No. 5:12–cv–02991 EJD, 2012 WL 4181418, at *2 (N.D. Cal. Sept. 18, 2012).  "It must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The corollary to the well-pleaded complaint rule is the "artful pleading doctrine."  JustMed Inc. v. Bryce, 600 F.3d 1118, 1124 (9th Cir. 2010).  "Under the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."  Id. (quoting ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl. Quality of the State of Mont., 213 F.3d 1108, 1114 (9th Cir. 2000)).  A federal defense cannot be the basis for federal subject matter jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).

Defendant Chow claims that this Court has subject matter jurisdiction because Swipe & Bite's claims arise under federal copyright law.  ECF No. 18 at 10–14.  Federal courts have "exclusive jurisdiction over 'any civil action arising under any Act of Congress relating to . . . copyrights.'"  Calicraft, 2015 WL 1789014, at *4 (citing Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003)).  To determine whether subject matter

---

[2] Swipe & Bite originally also argued that removal was improper because not all defendants were joined in the removal notice.  But it withdrew this argument in its reply brief.  ECF No. 20 at 2.

jurisdiction exists under the Copyright Act, the Ninth Circuit applies the rule developed in T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964). Scholastic Entm't, 336 F.3d at 986; JustMed, 600 F.3d.at 1124. Under the T.B. Harms test, an action arises under the Copyright Act when: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." JustMed, 600 F.3d at 1124.

In this case, Defendants argue that there is a "substantial controversy" regarding ownership of code and the work-for-hire doctrine of copyright law must be applied. See ECF No. 18 at 7–8 ("Almost all of the claims of Plaintiff's complaint . . . turn on federal copyright law governing works-for-hire."). Because copyright ownership "vests initially in the author or authors of the work," 17 U.S.C. section 201(a), Defendants argue that Swipe & Bite can only claim ownership of the source code they developed through application of the "work-for-hire" doctrine of the Copyright Act. ECF No. 18 at 11; see 17 U.S.C. § 201(b) ("In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright."). Ordinarily, a case does not "arise under the Copyright Act where ownership of the copyright 'is the sole question for consideration.'" Calicraft, 2015 WL 1789014, at *4 (quoting Topolos v. Caldewey, 698 F.2d 991, 994 (9th Cir. 1983)). However, "federal jurisdiction may be appropriate if resolution requires application of the work-for-hire doctrine of the Copyright Act" even though the complaint does not state a Copyright Act claim. JustMed, 600 F.2d at 1124.

Defendants cite to JustMed to support their argument that this case should remain in federal court. In JustMed, the defendant (Byce) developed source code for a product produced by plaintiff JustMed, a technology start-up company. See 600 F.3d at 1122. During the course of his work, Byce became concerned that he was not being treated as an equal in the business, and he removed the source code from all of JustMed's computers. Id. at 1122–23. JustMed filed an action against Byce in state court, alleging claims for conversion, misappropriation of trade secrets, breach of fiduciary duty, and intentional interference with prospective economic

1  advantage. Id. Byce removed to federal court stating that JustMed's claims arose under federal
2  copyright law. Id. at 1123. JustMed's complaint asserted ownership of the source code, while at
3  the same time acknowledging that ownership was disputed. Id. at 1124. In determining
4  jurisdiction, the court first found that as to JustMed's trade secret and conversion claims, it could
5  only have ownership if the work-for-hire doctrine applied. Id. at 1124–25. The court concluded
6  that because of the direct application of the work-for-hire doctrine, the claims arose under federal
7  copyright law and the court therefore had federal subject matter jurisdiction. Id. at 1125.

8  Swipe & Bite argues that the complaint here does not assert violations of federal law and
9  does not contain allegations that invoke federal law. ECF No. 16 at 6. Swipe & Bite instead
10 claims that the Defendants' work transferred to Swipe & Bite "under the operation of California
11 law . . . governing partnerships, promoters, agents, fiduciaries and cofounders, not as a question of
12 employment, work for hire . . . or joint work." Id. at 7. Swipe & Bite asserts that because the
13 work-for-hire doctrine will only be invoked as a defense, and not as part of Swipe & Bite's
14 affirmative case, there is no basis for federal subject matter jurisdiction, citing Cordero v.
15 McGonigle, No. 2:13-cv-0198-SVW-JCGx, 2013 U.S. Dist. LEXIS 182243, at *10 (C.D. Cal. Jan.
16 3, 2013).

17 In Cordero, plaintiff Cordero, a software developer, entered into an oral contract with the
18 defendants whereby he agreed to transfer two software applications to them in exchange for one-
19 third ownership interest in their company. Id. at *1. When the company allegedly breached the
20 agreement, Cordero sued for breach of contract. Id. at *3. In his suit, Cordero also asked the court
21 to issue a declaration that he was the owner of the software if the court determined that there was
22 no contract transferring the software in exchange for an ownership interest. Id. at *4. The
23 Cordero court distinguished the case before it from JustMed by noting that the work-for-hire
24 doctrine did not need to be applied. Id. at *9. Cordero's complaint stated that he was the author
25 of the software, and under the Copyright Act, ownership vests initially in the author of the work.
26 Id. at *10. The court concluded that the software was Cordero's unless the defendants asserted a
27 separate defense, such as the work-to-hire doctrine, to his ownership claim. Id. Because the
28 work-for-hire doctrine would arise only as a defense, and because only the declaration of

1  ownership implicated the Copyright Act, the court remanded the case. Id. at *11.

2  Swipe & Bite also cites to Calicraft Distributors, LLC v. Castro. Calicraft involved a dispute between the plaintiff, a beer and wine distributor; the defendant Castro, a former member of the business; and Castro's husband, who developed an online ordering system for plaintiff. 2015 WL 1789014, at *1. Castro tried to withdraw from Califcraft and sought to redeem her share of the business, but the parties disagreed about the amount of the withdrawal payment. Id. at *1. During the transition of ownership, Castro allegedly withheld books, records, the accounting system, bank accounts, contracts, customer database, trademarks, domain name, and other company property. Id. at *2. Calicraft also alleged that Castro refused to provide administrative access to the company's software system. Id. Calicraft filed suit in the Los Angeles Superior Court, alleging that the Castros had violated various state laws in connection with Castro's withdrawal from Calicraft. Id. at *2.

Castro removed the action to federal court, and Calicraft sought to remand the twelve state law claims. Id. Castro asserted that the case arose out of the Copyright Act and federal law because these state law claims require determining an ownership interest in the copyright for the software. Id. at *3. Although Castro argued this would require application of the work-for-hire doctrine, the court noted that, unlike in JustMed, Calicraft claimed it owned a license to use the software at issue. Id. at *5. The plaintiff also expressly disclaimed that the software was a work for hire. Id. at *6. The court concluded that because Calicraft's claims could succeed based upon the claim it owned a license, the claims against Castro did not depend on the ownership of the copyright. See id. at *6–*8. Because the state law claims regarding the software did not need to apply the work-for-hire doctrine, the court granted the motion to remand. Id. at *9.

This case is not like Cordero, where the work-for-hire doctrine could be raised only as a defense because ownership initially vested in the plaintiff, or Calicraft, where the plaintiffs claimed they owned a license to use the software. Instead, this case is most similar to JustMed, where determining the ownership of code is required to resolve Swipe & Bite's claims. See 600 F.3d at 1124–25. As in that case, Swipe & Bite alleges ownership of the disputed code by

7

claiming that the source code is "Company Property."  See, e.g., ECF No. 1-2, Ex. B, FAC ¶ 28.[3]  Because Swipe & Bite's claims involve Defendants' alleged wrongful taking of code, along with other company property, determining ownership is required in order to resolve their claims.  See id. ¶¶ 37, 65, 71, 75, 90.  Swipe & Bite expressly disclaims software ownership based on the work-for-hire doctrine, but provides no other legal basis to claim ownership of the code written by Defendants.  See id. ¶¶ 18, 23.  As in JustMed, there is no written agreement as to ownership alleged, and ownership will turn on the application of the work-for-hire doctrine.

The Court has subject matter jurisdiction over this case.[4]

## II.   DEFENDANT TRINH'S MOTION TO DISMISS

### A.   Background

On September 15, 2015, Mr. Trinh filed a motion to dismiss the FAC for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 14.  Mr. Trinh argues that the claims against him should be dismissed in their entirety.  Id. at 2–3.  On September 29, 2015, Swipe & Bite filed its opposition.  ECF No. 15.  On October 6, 2015, Mr. Trinh filed his

---

[3] Swipe & Bite alleges:

> Defendants wrongfully cut off Company access to confidential business information, computer software, documentation, and intangible and tangible application- and website-related work in progress including but not limited to the following:
> a. All computer software libraries, open source files, computer source code, documentation or other electronically stored information ("ESI") from the remote servers;
> b. All information pertaining to applications in progress, such as planned "white label" mobile application to be branded by the customers and customer prospects identified above, and iOS submissions to be made to Apple, Inc. for a Swipe & Bite mobile application on iTunes or any other Apple automated vending system, and for developing a Swipe & Bite application for Android mobile devices (collectively, the "Company Property"); and
> c. All passwords and other computerized resources related to production applications, email, customer contracts and proposals, or any other computerized resources.

ECF No. 1-2, Ex. B, FAC ¶ 28.

[4] Swipe & Bite requests an award of attorney's fees of "at least $15,000" incurred by Defendant's allegedly improper removal.  ECF No. 16 at 14.  Because the Court does not remand the case, Swipe & Bite's request for costs and fees is denied.

reply. ECF No. 17.

### B. Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To evaluate a Rule 12(b)(6) motion to dismiss, the court accepts the material facts alleged in the complaint, together with reasonable inferences drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

### C. Discussion

Mr. Trinh moves to dismiss Swipe & Bite's claims arguing that there are no plausible causes of action against him. Mr. Trinh contends that Swipe & Bite has (1) failed to show that Mr. Trinh had any obligation to it because there was no valid contract and (2) failed to show that Mr. Trinh did anything wrong because he is the owner of the code he created. ECF No. 14 at 6–7.

#### 1. Validity of the Alleged Contract

Mr. Trinh argues that there is no valid, enforceable contract between himself and Swipe & Bite because any such claim would be foreclosed by the Statute of Frauds and by the absence of consideration. Id. at 13. At issue is the deal made between the two parties where "Trinh would earn an option for up to 1% stake in the Company, vesting over four years, in exchange for his 'moonlighting' work for the Company." ECF No. 1-2, Ex. B, FAC ¶ 18.

Under the Statute of Frauds, contracts that take more than a year to perform are invalid unless the contract or some memorandum of the contract is in writing. CAL. CIV. CODE § 1624(a)(1). "The use of the word 'memorandum' in the statute implies something less than a

complete contract. A memorandum functions only as evidence of the contract and need not contain every term." Kerner v. Hughes Tool Co., 56 Cal. App. 3d 924, 934 (1976). Plaintiff's complaint alleges that the terms of the agreement were "partially oral and partially written" and "memorialized in contemporaneous email." ECF No. 1-2, Ex. B, FAC ¶ 23. At this stage, the Court concludes that Swipe & Bite has alleged enough to take this agreement out of the Statute of Frauds. However, this does not preclude Mr. Trinh from raising this defense at a later stage in these proceedings.

Mr. Trinh also argues that the contract is invalid because Swipe & Bite's alleged contract lacked mutuality. ECF No. 14 at 14. "The doctrine of mutuality of obligation requires that the promises on each side be binding obligations in order to be consideration for each other. 1 Witkin, Summary of California Law (Contracts), § 225 (10th ed. 2005) (emphasis omitted). Swipe & Bite alleges in its complaint that it and Mr. Trinh agreed that he would moonlight for the company in exchange for an award of up to one percent of the equity in the company. ECF 1-2 at ¶ 23. Mr. Trinh argues that Sweat & Bite's promise was illusory because there was no fixed vesting schedule, and because Swipe & Bite might go out of business before his stock vested. As to the first point, "[a]n agreement is not illusory merely because it gives broad alternatives to one party." Witkin, supra, at § 225. As to the second term, that would appear to be the risk Mr. Trinh allegedly took. ECF No. 1-2, Ex. B, FAC ¶ 23.[5] The Court finds that the complaint sufficiently alleges a contract whose obligations are mutual and that does not violate the Statute of Frauds.

The Court now turns to Swipe & Bite's claims against Defendant Trinh.

### 2.  Count 2: Aiding and Abetting Breach of Fiduciary Duty

Swipe & Bite alleges that Mr. Trinh aided and abetted Mr. Chow's breach of fiduciary duty. Id. ¶¶ 41–49. In support of this claim, Swipe & Bite states that Mr. Trinh "rendered

---

[5] "In order to plead a contract by its legal effect, plaintiff must 'allege the substance of its relevant terms. This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions.'" McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1489 (2006) (quoting 4 Witkin, Cal. Procedure (Pleading), § 476 (4th ed. 1997)). Mr. Trinh does not allege that Swipe & Bite has failed to allege the relevant terms of the contract or that the contract is indefinite.

1 material assistance" and provided "knowing and willing aid" to Mr. Chow. Id. ¶¶ 45, 47. Further, Swipe & Bite claims that Mr. Trinh aided and abetted Mr. Chow by "refusing to cooperate with restoration or recovery of Company operations." Id. ¶ 48.

Under California law, liability for aiding and abetting the commission of an intentional tort attaches if a defendant "is (1) aware that the other's conduct constitutes a breach of duty and (2) provides substantial assistance or encouragement to the other to so act." In re First Alliance Mortgage Co., 471 F.3d 977, 993 (9th Cir. 2006). This standard requires that the defendant "have actual knowledge of the specific primary wrong the defendant substantially assisted." Id.

Swipe & Bite alleges that Mr. Chow introduced Mr. Trinh to Swipe & Bite. ECF No. 1-2, Ex. B, FAC ¶¶ 23, 25. Plaintiff further alleges that Mr. Chow served in a fiduciary capacity, as he served as the Chief Technical Officer and General Counsel, to Swipe & Bite. Id. ¶¶ 22, 34. Mr. Chow owed the duty of loyalty and care to Swipe & Bite. Id. ¶ 35. Swipe & Bite then alleges that Defendant Trinh and Chow both wrongfully "removed code from the 'Swipeandbite' server and its GitHub repository" and "refused to cooperate with the Company when it demanded that they restore the Company's access, or assist the Company in recovering and resuming work." Id. ¶¶ 25, 28–30.

Mr. Trinh argues that he had no fiduciary duty to Swipe & Bite. ECF No. 14 at 17–18. This argument misses the mark, because Swipe & Bite alleges that Mr. Trinh assisted Mr. Chow as Mr. Chow breached *his* fiduciary duty.

The Court concludes that Swipe & Bite has adequately alleged a claim for aiding and abetting breach of fiduciary duty, and denies Defendant Trinh's motion as to that claim.

### 3. Counts 3 and 4: Intentional and Tortious Interference with Contract

Next, Swipe & Bite alleges that Mr. Trinh and Mr. Chow intentionally and tortiously interfered with Swipe & Bite's contractual relations.[6] Id. ¶¶ 51–56; id. ¶¶ 57–62.

---

[6] Swipe & Bite's claim for tortious interference with contract is redundant as Plaintiff already makes a claim for intentional interference with contract. ECF No. 1-2, Ex. B, FAC ¶¶ 51–56; id. ¶¶ 57–62; see also id. ¶ 61 (describing Defendants' conduct as "intentional interference with Plaintiff's contracts and agreements" under the claim for tortious interference with contract). Pursuant to Federal Rule of Civil Procedure 12(f), the Court strikes claim four, the tortious interference of contract, from Plaintiff's FAC.

11

Under California law, to state a cause of action for intentional interference with contractual relations, a plaintiff must plead:

> (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.

Pac. Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1990). "[T]he tort of intentional interference with performance of a contract does not require that the actor's primary purpose be disruption of the contract." Quelimane Co. v. Stewart Title Guar. Co., 19 Cal. 4th 26, 56 (1998).

The Court finds that Swipe & Bite has not alleged the necessary elements of a claim for intentional interference with contractual relations. First, Swipe & Bite alleges that it had contracts with Brian Campisi, a Swipe & Bite engineer, and with the University of Hawaii, L&L BBQ, and Jersey Mikes. ECF No. 1-2, Ex. B, FAC ¶¶ 24, 27. Plaintiff merely alleges that Mr. Trinh knew of the agreements Swipe & Bite had with "contractors, vendors, employees, and customers." Id. ¶ 52. Swipe & Bite, however, does not allege any facts showing that Mr. Trinh had knowledge of the agreements with these specific customers or of the valid contract with Mr. Campisi. See Pac. Gas, 50 Cal. 3d at 1126.

The Court dismisses this claim against Mr. Trinh with leave to amend.

### 4. Counts 5 and 6: Intentional and Tortious Interference with Prospective Economic Advantage

Next, Swipe & Bite alleges that Mr. Trinh and Mr. Chow intentionally and tortiously interfered with Swipe & Bite's prospective economic advantage.[7] Id. ¶¶ 63–68; id. ¶¶ 69–73.

The five elements for intentional interference with prospective economic advantage are

> (1) [a]n economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional

---

[7] Swipe & Bite's claim for tortious interference with prospective economic advantage is redundant as Swipe & Bite already makes a claim for intentional interference with prospective economic advantage. See ECF No. 1-2, Ex. B, FAC ¶¶ 63–68; id. ¶¶ 69–73. The Court strikes claim six, the tortious interference of contract, from Plaintiff's FAC pursuant to Rule 12(f).

> acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Youst v. Longo, 43 Cal. 3d 64, 71 n.6 (1987). The torts of intentional interference with contractual relations and intentional interference with prospective economic advantage are distinct, even though "the tort of interference with contract is merely a species of the broader tort of interference with prospective economic advantage." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1157 (2003). While intentionally interfering with an existing contract is "a wrong in and of itself," intentionally interfering with a plaintiff's prospective economic advantage is not, and that therefore "a plaintiff must plead that the defendant engaged in an independently wrongful act." Id. at 1158.

Swipe & Bite alleges that three major airports, including Dallas-Fort Worth; the University of Montana; and Texas Christian University, along with its four sister colleges, expressed interest in its product. ECF No. 1-2, Ex. B, FAC ¶ 24. Plaintiff alleges that Defendant Chow and Trinh "were both aware of the Company's prospects." Id. However, Swipe & Bite again fails to allege facts showing that Mr. Trinh had knowledge of these economic relationships between Swipe & Bite and third parties. See Youst, 43 Cal. 3d at 71 n.6.

The Court dismisses this claim against Mr. Trinh with leave to amend.

### 5. Count 7: Conspiracy

Swipe & Bite asserts conspiracy against Defendants Chow, Trinh, Shuk Chow, and Alice Chow. Id. ¶¶ 74–79.

Civil conspiracy consists of three elements: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (1995). "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510–511 (1994). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." Id. at 511. A claim of

1   unlawful conspiracy must contain "enough fact to raise a reasonable expectation that discovery

2   will reveal evidence of illegal agreement." Twombly, 550 U.S. at 556. A bare allegation that a

3   conspiracy existed does not suffice. Id.

4       Swipe & Bite alleges specific acts committed by Defendants as "co-tortfeasors and co-

5   conspirators." See ECF No. 1-2, Ex. B, FAC ¶ 75(a)-(h). At least as to Mr. Chow, Swipe & Bite

6   has alleged enough facts about a conspiracy to commit the allegedly wrongful acts. Swipe &

7   Bite's conspiracy claim still fails, however, because Swipe & Bite fails to identify which alleged

8   torts are the predicate offenses for its conspiracy claims. See PQ Labs, Inc. v. Yang Qi, No. C 12-

9   0450 CW, 2012 WL 2061527, at *8 (N.D. Cal. June 7, 2012); Kelly v. Mortgage Electronic

10  Registration Systs., Inc., 642 F. Supp. 2d 1048, 1058 (N.D. Cal. 2009).

11      Accordingly, Swipe & Bite's claim for conspiracy is dismissed with leave to amend.

### 6.  Count 8: Violation of Court Order

13  Finally, Swipe & Bite alleges that Defendant Trinh violated court orders. ECF No. 1-2,

14  Ex. B, FAC ¶¶ 80–85.

15  On July 10, 2015, the Superior Court of California, County of Santa Clara entered a

16  Temporary Restraining Order ("TRO") against Mr. Trinh in Case 1:15-282804. Swipe & Bite

17  alleges that Mr. Trinh violated the order by wiping or destroying ESI and other evidence. Id. ¶¶

18  83, 85.

19  Swipe and Bite's complaint does not locate its claim for violation of a court order in any

20  statutory or common law cause of action. Instead, Swipe & Bite says only,

> Defendant's bad faith conduct in litigation and specific violations of the Court's July 10, 2015 discovery and injunction Order, the California Rules of Court, and the California Code of Civil Procedure. Such conduct and violations warrant sanctions for misconduct, contempt, and discovery violations as allowed by law, including monetary sanctions against Defendant Trinh, entry of default judgment against Defendant Trinh, orders precluding evidence identified as spoliated or destroyed; orders adjudicating issues against Defendant; and an award of Plaintiff's attorneys' fees and costs.

Id. ¶ 85.

Mr. Trinh argues that this cause of action should be dismissed because Swipe & Bite

voluntarily dismissed the underlying case after it was removed to federal court. ECF No. 14 at 21. Swipe & Bite does not counter this argument or explain why this Court has jurisdiction to enforce orders issued in another case that Swipe & Bite voluntarily dismissed.

The Court dismisses this claim without leave to amend.

## CONCLUSION

For the foregoing reasons, the motion to remand is denied and the motion to dismiss is granted in part and denied in part. Plaintiff's fourth claim for tortious interference with contract and sixth claim for tortious interference with prospective advantage are stricken as redundant. Plaintiff's third claim for intentional interference with contract, fifth claim for intentional interference with prospective economic advantage, and seventh claim for conspiracy are dismissed with leave to amend. Plaintiff's eighth claim for violation of a court order is dismissed without leave to amend.

Plaintiff may file an amended complaint within 21 days of the date this order is filed. Any amendments must be limited to curing the deficiencies identified in this order, unless Plaintiff has previously obtained leave of court.

IT IS SO ORDERED.

Dated: November 23, 2015

_____
JON S. TIGAR
United States District Judge

15